SOBEL-MIRKEN HOLDING CORPORATION, Plaintiff, *v.* GABRIEL RUBMAN, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, September, 1932.

*Joffe & Joffe*, for the plaintiff.

*David Michelson*, for the defendant.

LEWIS, DAVID C., J.   The plaintiff moves for summary judgment in an action brought to recover rent under a written lease.   The defendant contends an alleged verbal agreement made with the president of the plaintiff, whereby, in consideration of defendant permitting the fixtures, valued at $1,500, to remain in the premises, so that the landlord might use the same in connection with the renting of the premises to another tenant, the lease was to be canceled.

The defendant's affidavit is barren of any definite description of the fixtures alleged to have been left in the premises, their nature, character or value.

The general language in which the defendant couched his affidavit in support of his purported defense, and the absence of specifications, contrasted with the positive flat-foot denials and specific statements by Joseph Joffe, attorney at law, president of the plaintiff, coupled with the apparent improbability of the said attorney deliberately

releasing the defendant, manifests the weakness of the alleged defense.

The lease contained a provision that delivery and acceptance of the keys, or re-entry or assumption of possession, or other acts, except a release or surrender in writing under seal, would not be deemed to create a release of the tenant or surrender of the lease, and, further, that no waiver by the landlord of any of these provisions shall be deemed to have been made, unless in writing, and signed and sealed, and that the lease could not be modified or altered except by written instrument under seal, and that no officer of the corporation was authorized to modify these provisions.

In passing on this motion, one need not necessarily subscribe to the legal contention that the special provisions of this lease, which forbid any waiver, modification or delivery and an acceptance, except by writing under seal, conclusively prevented any estoppel or waiver. (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380.)

In 13 Corpus Juris, 594, it is stated that " A written contract may be modified by the parties thereto in any manner they choose, notwithstanding agreements prohibiting its alteration, except in a particular manner. So it is generally held that a contract stipulating that any modification must be in writing may nevertheless be modified verbally."

In order to defeat the plaintiff's motion for summary judgment suffice it to say that the defendant must show real and substantial facts, sufficient to entitle him to defend it, and capable of being established upon the trial. (*Strasburger* v. *Rosenheim*, 234 App. Div. 544.)

Rule 113 of the Rules of Civil Practice would serve no useful purpose whatever if frivolous and transparently insufficient proofs and arguments such as have been brought forward here be held to create a triable issue. The already overcrowded trial term calendars would be cluttered up with phantom issues, the disposition of which would usurp and waste the time of the court. A defendant must show real and substantial facts, sufficient to entitle him to defend (rule 113), if he is to avert summary judgment under these rules which were carefully devised to eliminate unnecessary delay and further the prompt administration of justice. (*Dodwell & Co., Ltd.*, v. *Silverman*, 234 App. Div. 362.)

Motion granted. Ten days' stay.