GEORGE MEURER and Another, Plaintiffs, *v.* PAUL KEIMEL and Another, Defendants.

Municipal Court of New York, Borough of Queens, Fifth District, November 9, 1933.

*Edwin C. Morsch,* for the plaintiffs.

*Goldberg & Propper,* for the defendants.

MORRIS, J. This is a motion for summary judgment based upon an interpretation of what is commonly referred to as the moratorium on foreclosures and a modification of the laws with respect to deficiency judgments, and which became law to be known as chapters 793 and 794 of the Laws of 1933, on their signature by Governor Lehman on August 26, 1933.

The plaintiffs instituted this action to recover a balance of $700 and interest upon defendants' bond which was executed on November 6, 1926, together with a second mortgage on defendants' real property in Nassau county.

Prior to the commencement of this action plaintiffs instituted an action to foreclose said mortgage, and while said foreclosure was pending the first mortgagee instituted a foreclosure action and obtained a judgment of foreclosure and sale dated April 27, 1933. Pursuant to this judgment the premises were sold at public auction on July 6, 1933, and the sale resulted in a deficiency of $4,631. Thereafter the plaintiffs herein were permitted by an order of the County Court of Nassau county to discontinue the action to foreclose their second mortgage.

The pleadings are verified, and the plaintiffs' action is based on the defendants' primary obligation — their bond. The answer of the defendants admits that the plaintiffs are the sole, lawful owners of the bond; that there is due on said bond the sum of $700.

The defendants in their answer set up a separate defense by way of set-off, alleging upon information and belief that the fair and reasonable market value of the mortgaged property is in excess of

$10,000, and that the prior liens and incumbrances thereon do not exceed the sum of $5,500, and that by reason of the foregoing, and pursuant to section 1083-b of the Civil Practice Act (as added by Laws of 1933, chap. 794), the defendants are entitled to set off against the plaintiffs' claim the fair and reasonable market value of the aforesaid premises less the amount owing on prior liens and incumbrances as aforementioned.

Section 1083-b, above referred to in the answer of the defendants, is part of chapter 794 of the Laws of 1933, effective August 26, 1933, and which was passed " To amend the civil practice act, in relation to deficiency judgments in actions to foreclose mortgages on real property and actions to recover judgments on bonds secured by mortgages on real property."

The defendants here, who with the plaintiffs in this action and one John J. Dunn, constitute the defendants in the foreclosure action of the first mortgage, moved before the Supreme Court, Nassau county, for an order restraining the plaintiffs in that action from entering any deficiency judgment therein, " unless or until said plaintiffs have complied with the provisions of Section 1083-a of the Civil Practice Act." Mr. Justice ALBERT C. CONWAY in granting the motion signed an order containing the language just quoted, and in addition is the following paragraph: " Ordered that the judgment of foreclosure and sale heretofore entered herein be amended so that said judgment shall specify that before the entry of any deficiency judgment herein, the plaintiffs shall move this Court for leave to enter such deficiency judgment, and shall present due proof of the fair market value of the said foreclosed premises as of the date of sale, or the last date upon which a fair and reasonable market value thereof existed, and shall further comply with all of the provisions of Section 1083-a of the Civil Practice Act applicable thereto."

By the terms of section 1083-a, as added by chapter 794 of the Laws of 1933, no deficiency judgment shall be granted unless:

" A. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action.

" B. Such notice shall be served personally or in such other manner as the court may direct.

" C. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged

premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment."

The section also provides that if " no motion for a deficiency judgment shall be made " as provided above, " the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

The defendants contend on this motion that the time of the plaintiffs in the action to foreclose the first mortgage having expired on October 4, 1933, and said time having been extended by stipulation to October 11, 1933, and the plaintiffs having failed to serve motion papers for leave to enter a deficiency judgment, there is no deficiency judgment entered against the defendants herein, and, therefore, there has been no determination of the plaintiffs' application for leave to enter such deficiency judgment. This new section, 1083-a, of the Civil Practice Act should be liberally construed. No doubt the Legislature intended to protect in every way possible the mortgagor from a deficiency judgment.

Mr. Justice HAMMER, in *Railroad Co-Operative Building & Loan Assn.* v. *Boston Building Estates, Inc.* (149 Misc. 349), reviews very thoroughly the effect of this section, holding the law is " applicable during the period of the declared emergency, *i. e.*, from the date the law became effective, August 28, 1933, until July 1, 1934." And again: " It is my opinion that the section is a rule of future conduct, prospective and not retrospective, is based upon reason for the common good and that none of its provisions impair any accrued or vested right." Mr. Justice HAMMER holds further, that since the sale took place before the law (§ 1083-a) went into effect, the plaintiff in the foreclosure proceeding has acquired " rights which, in the absence of fraud, unfair dealing or other inequities occurring at or in respect of that very sale (as distinguished from general conditions due to depression), none of which are shown here, neither the court, the Executive, nor the Legislature has the power to abridge."

It would appear from the opinion of Mr. Justice HAMMER that the contention of the defendants herein is not sound, as the judgment in the foreclosure proceeding in Nassau county was dated April 27, 1933, and the property was sold pursuant to said judgment on July 6, 1933.

The separate defense by way of set-off of the defendants involves a portion of section 1083-b of the Civil Practice Act, as added by chapter 794 of the Laws of 1933, which reads: " Any party against whom a money judgment is demanded, shall be entitled to set

off the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and encumbrances." The plaintiffs contend that section 1083-b is not applicable to the state of facts in this case because of the fact that the bond sued upon is no longer secured by a mortgage, as the answer admits the sale under the foreclosure of the first mortgage. The foreclosure of the first mortgage destroys the lien of the second mortgage. (2 Wiltsie Mort. Forec. [4th ed.] § 1038, p. 1313; 41 C. J. § 1113, p. 890.)

" Where it is a second mortgage, and the mortgagee is made a party to the foreclosure of a prior mortgage, full effect is given to this power of sale, by means of the sale directed in the action or proceeding, which as we have seen is made for the benefit of all the parties served with process or notice.

" It is not necessary to hold that in no case can the right to sell be held in abeyance; but the right cannot be denied, or suppressed unless some adverse dominating equity requires it." (*Moulton* v. *Cornish*, 138 N. Y. 133, at p. 144.)

Unquestionably the lien of the subsequent incumbrance, the plaintiffs' second mortgage, has been extinguished. A mortgage on real estate in New York is merely a chose in action and gives the mortgagee merely a lien on the property. (*Sautter* v. *Frick*, 229 App. Div. 345.)

Without question, section 1083-b of the Civil Practice Act, as added by chapter 794 of the Laws of 1933, should be liberally construed. But does the language of the section permit of any other construction than that asserted by the plaintiffs?

The language of the section, in so far as it applies, reads as follows: " In any action pending at the time this section as hereby added takes effect, or hereafter commenced during the emergency * * * to recover a judgment for any indebtedness secured by a mortgage on real property and which originated simultaneously with such mortgage and which is secured solely by such mortgage, against any person."

At the time the plaintiffs commenced their action on the bond there was no existing chose in action, no existing lien, no indebtedness secured by a mortgage on real property, and which is secured solely by such mortgage. There being no chose in action, no lien on the property of the defendants, there is no mortgage. It has become a piece of paper, and by virtue of its existence the plaintiff has no existing rights.

Even assuming that the section just mentioned does apply, the defendants in their answering affidavit fail to show what is the " fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and encumbrances." Section 1083-b grants to the defendants a defense as a set-off.

The provisions of this act require the defendants to assume a certain burden by way of set-off. Such burden no doubt will compel the defendants in actions on bonds to incur the expense of obtaining affidavits from real estate experts or experts familiar with building costs, or both, for the purpose of showing affirmatively " the fair and reasonable market value of the mortgaged property." The defendants have failed to show real and substantial facts capable of being established on trial. The answering affidavit sets forth no facts tending to support defendants' defense, and hence no triable issue has been presented.

The defendants, therefore, have failed to comply with rule 113 of the Rules of Civil Practice. (*Dodwell & Co., Ltd.*, v. *Silverman*, 234 App. Div. 362; *Sobel-Mirken Holding Corp.* v. *Rubman*, 144 Misc. 731; *Strasburger* v. *Rosenheim*, 234 App. Div. 544; *Smith* v. *McCullaugh*, Id. 490.)

Motion granted. Judgment for plaintiff as demanded in complaint.