Metropolitan Life Insurance Company, Plaintiff, *v.* Morris Rosenfield and Others, Defendants.

Supreme Court, New York County, September 27, 1934.

*Tanner, Sillcocks & Friend,* for the plaintiff.

*Kenneth F. Simpson,* for the receiver.

*Herman Gottlieb,* for Morris Rosenfield.

*Herbert R. Kaus,* for Everett Heaney & Co., Inc.

*Reuben E. Gleit,* for Israel Gleit.

Lauer, J. The action was instituted by the plaintiff on or about July 20, 1933, to foreclose a first mortgage held by it in the sum of $160,000. On or about July 29, 1933, at the instance of the plaintiff, a receiver was appointed to collect rents, and thereafter the receiver qualified and entered upon her duties pursuant to said order.

The judgment of foreclosure and sale is dated April 9, 1934. The property was sold at public auction on May 29, 1934, to the plaintiff for the sum of $150,000. Upon the return day of this motion the Conrad Holding Co., Inc., holder of an unpaid second mortgage on the premises herein involved and a defendant herein, appeared and applied to this court for an order directing the receiver to turn over to it the balance of the funds now in the receiver's hands. The affidavit of the Conrad Holding Co., Inc., sets forth

that it is the owner of an unpaid mortgage in the sum of $38,000. The application is based upon the claim that the plaintiff has failed to enter a deficiency judgment pursuant to the terms of section 1083-a of the Civil Practice Act, and that by reason of such failure and by virtue of the provisions of that section the plaintiff has taken the property in full satisfaction of the indebtedness and, therefore, is not entitled to the funds in the hands of the receiver. It appears that there is still due the plaintiff the sum of $44,929.35. The plaintiff claims it is entitled to the moneys in the hands of the receiver, which amount to the sum of $11,749.20, on account of this deficiency.

The Conrad Holding Co., Inc., also objects to the allowance of the fees and commissions sought by the receiver and her attorney. The plaintiff herein makes no objection to the allowance of these fees but leaves the allowances to the court's discretion.

The judgment in this action was entered on April 9, 1934. Section 1083-a was added to the Civil Practice Act by chapter 794 of the Laws of 1933, and became effective August 28, 1933. It was not, however, until May 14, 1934, that section 1083-a was amended by chapter 562 of the Laws of 1934 so as to include the last paragraph which it now contains. The amendment of May 14, 1934 (*supra*), reads as follows: " Notwithstanding the foregoing provisions and irrespective of whether a motion for a deficiency judgment shall have been made or, if made, shall have been denied, the court shall direct that all moneys remaining in the hands of a receiver of the rents and profits appointed in the action, after the payment of the receiver's fees and the expenses of the receivership, or any moneys remaining in the hands of a mortgagee in possession or an assignee of the rents and profits of said premises, shall be paid to the plaintiff to the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for said property upon said sale." There is a dispute between the plaintiff and the Conrad Holding Co., Inc., as to whether or not this last paragraph of section 1083-a has application to the situation here presented.

It has been held that section 1083-a should be liberally construed to effectuate the legislative intention to protect the mortgagor from a deficiency judgment in every way possible. (*Meurer* v. *Keimel*, 150 Misc. 113.) It should be remembered that section 1083-a of the Civil Practice Act is a limitation only upon deficiency judgments during the emergency period. (Laws of 1933, chap. 794, §§ 1, 4.) Section 1083-a of the Civil Practice Act is entitled: " Limitation upon deficiency judgments during emergency period." The plaintiff here is not seeking a deficiency judgment against the

former owner of the premises. All that the plaintiff seeks are the funds remaining in the hands of the receiver appointed at its request, less the receiver's and her attorney's rightful fees.

Prior to the passage of section 1083-a of the Civil Practice Act no limitations were placed upon the foreclosing mortgagee who sought to obtain a deficiency judgment. A receiver appointed at the instance of a party held the funds collected for the benefit of the party who secured his appointment. In the case of *Mentz* v. *Efficient Building Corporation* (145 Misc. 505; affd., 234 App. Div. 797; affd., 258 N. Y. 616) (at p. 506) the court said: " It has been held many times that in foreclosure actions receivers are not appointed generally for the benefit of all parties according to their respective interests, but are specifically appointed for the benefit of the party who makes the motion for such appointment. (*Washington Life Ins. Co.* v. *Fleischauer*, 10 Hun, 117; *Howell* v. *Ripley*, 10 Paige, 43; *Ranney* v. *Peyser*, 83 N. Y. 1.) "

Section 1083-a of the Civil Practice Act only limited the right to enter a deficiency judgment. It prescribed the method of obtaining a deficiency judgment, the means of fixing the amount of such deficiency judgment, and the time in which an application could be made for a deficiency judgment during the period of emergency. It did not deny the right to a deficiency judgment if the provisions of section 1083-a were followed. The limitations set forth in section 1083-a are solely for the protection of the former owner of the premises.

The defendant Conrad Holding Co., Inc., urges that since the judgment was entered prior to the addition of the amendment of May 14, 1934, to section 1083-a of the Civil Practice Act, the amendment is inapplicable and that the plaintiff has taken the premises in full satisfaction of the mortgage debt. I do not believe that the Legislature, at any time during the evolution of section 1083-a to the form as it now exists, desired to take an existing property right to the funds held by the receiver from a senior lienor who secured the appointment of the receiver and present it to a junior lienor. While it is true that section 1083-a, prior to the amendment of May 14, 1934, contained a provision, " If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency judgment in any action or proceeding shall exist," I believe that such provision was restricted to and determinative only of the rights of the mortgagee as against the owner of the premises. This provision is still contained in section 1083-a despite the addition to the section of the amendment of May 14, 1934, before

quoted. If the judgment had been entered after May 14, 1934, the funds held by the receiver would unquestionably go to the party who secured the receiver's appointment. Since this provision has been retained, it would be impossible to construe it in its force and effect to be in conflict with the amendment of May 14, 1934. The proposition that its force and effect was different prior to the passage of the amendment is untenable. It is my opinion that the amendment of May 14, 1934, is confirmatory of the legislative intent that it never intended to take away from a foreclosing mortgagee the right to the funds held by a receiver appointed at the instance of such mortgagee. It would seem inequitable that a mortgagee who does not seek to enter a deficiency judgment, acting within the spirit which prompted the Legislature to enact section 1083-a of the Civil Practice Act, should be penalized by forfeiting its rights to the funds in the hands of a receiver appointed for its protection. I do not believe that section 1083-a, even prior to the amendment of May 14, 1934, was passed with the intention of depriving him of this right. The plaintiff is entitled to the funds now held by the receiver.

In so far as the fees of the receiver are concerned, it appears that the receiver has managed the property efficiently and has competently performed her duties. I see no reason why she should not be entitled to the usual full commissions of five per cent of the gross rents received by her. It also appears that the attorney for the receiver has done extensive necessary legal work in aid of the receiver herein. The fee sought by the receiver's attorney is in the sum of $2,500, which appears to be somewhat excessive in the light of the total amount of the receiver's collections. The attorney is allowed $1,400 for his services.

The motion to approve and settle the account is, therefore, granted, with fees fixed as above set forth. Settle order on notice.