FLORENCE D. KIRSCHNER, Respondent, v. MOLLIE COHN, Appellant, et al., Defendants.

Second Department, November 26, 1945.

*David Winograd* and *Samuel S. Isaacs* for appellant.

*Simon Bernarr Schwartz* for respondent.

CARSWELL, J.  The complaint contains two counts.  In the first count a recovery is sought of a balance of $18,000 due on the original principal of $45,600 on a bond formerly secured by a second mortgage on certain real property, together with installments of interest due at six months' intervals from December 1, 1937.  In the second count the setting aside of a conveyance made by defendant Mollie Cohn, the obligor, is sought as being fraudulent and void as to the plaintiff.

Defendant moved to dismiss the complaint on the ground that the causes of action in the first count were barred by the Statute of Limitations.  Except as to the two installments of interest due on June 1 and December 1, 1938, the Special Term denied the motion.  The defendant appeals.

The bond and mortgage were executed December 1, 1922. The principal was due on December 1, 1932. The moratorium statutes were enacted in August, 1933 (L. 1933, ch. 793, as amd.). Before the enactment of the moratory laws, therefore, the entire principal was due.

The defendant made semi-annual payments of interest up to and including December 1, 1937. She also had reduced the balance due on the principal to $18,000. The installment of interest due on June 1, 1938, was not paid nor were any subsequent installments. The first mortgage became in default in 1943. It was foreclosed in January, 1944, and the property was sold under the judgment of foreclosure entered May 10, 1944. The lien of the second mortgage was thus extinguished. The bond contained a provision whereby it became due in the event of certain happenings specified in the mortgage, which was in statutory short form and contained the usual provisions that the whole of the principal sum should become due at the option of the mortgagee upon default in the payment of any installment of principal or interest; and also that the whole of the indebtedness should become due in the event of the institution of a proceeding to foreclose any prior mortgage.

The Special Term has held that although the entire principal was due, by the terms of the instrument, on December 1, 1932, before the moratory acts took effect, perforce these statutes and the terms of the instrument, the plaintiff had an option to declare whether or not the entire principal had become due on June 1, 1938, when the default in the payment of interest occurred, and as no such declaration was made, the running of the statute was deferred. This conclusion seems to be based on the theory that the acceleration clauses in the instrument and the options contained therein still had effect. It is also predicated on the view that by supervening enactments the due date of the principal or any installments thereof had been extended to six months after July 1, 1946. (Civ. Prac. Act, § 1077-g.)

The difficulty with this view is that after December 1, 1932, the acceleration clauses had no subject matter upon which to operate. The entire principal was due in the event of a default without recourse to any acceleration clause or any option therein. The moratory acts aside, the right to enforce payment was absolute. When sections 1077-a and 1077-b of the Civil Practice Act were enacted, the right to enforce the payment of the past due principal was unchanged and absolute in the event that there was a default in the payment of interest; so that in the latter event the mortgagee's rights were precisely the same as they were

before the enactment of the statute. Accordingly, when the default occurred on June 1, 1938, no factor of option existed, the right to enforce payment of the principal accrued, and the Statute of Limitations began to run.

The controlling statute became section 47-a of the Civil Practice Act, which took effect on September 1, 1938 (L. 1938, ch. 499). Prior to that date the obligee of the bond herein (which was under seal) had more than six years within which to commence her action based on the June 1, 1938, breach. However, section 47-a reduced the period to six years from September 1, 1938. This action was begun May 17, 1945; hence, so far as this cause of action relates to principal, it was barred on September 1, 1944.

The Special Term correctly held that the causes of action for the two installments of interest due on June 1, 1938, and December 1, 1938, were barred by the statute. A cause of action for interest may be the subject of a separate suit. (*Union Trust Co. of Rochester* v. *Kaplan*, 249 App. Div. 280; *Johnson* v. *Meyer*, 268 N. Y. 701.) The commingled causes of action for the separate installments which became due between June 1, 1939, and September 1, 1944, however, are not barred by section 47-a of the Civil Practice Act. Hence so much of the first cause of action as relates to these installments is not barred and that cause of action may not be dismissed.

The second cause of action may not be dismissed. It could only be dismissed in the event the first cause of action was barred in its entirety.

The order should be affirmed, without costs, with leave to appellant to answer within ten days from the entry of the order hereon.

HAGARTY, Acting P. J., JOHNSTON, ADEL and LEWIS, JJ., concur.

Order affirmed, without costs, with leave to appellant to answer within ten days from the entry of the order hereon.