This is a suit to foreclose a mortgage in the amount of $7,000 executed by Andrew Stohl and Mary or Maria Stohl, his wife, in May, 1932, to their two daughters, Catherine, now Mrs. Kresse, and Mary, also known as Marie A. Stohl. In 1942 this mortgage was assigned to the mortgagors, simultaneously with the execution of a deed to the premises to the mortgagees, the deed containing an express provision that there should be no merger. First the father died, then the mother, and the mortgage became the property of the estate of the mother. By her will all her estate was left to one of the daughters only, Mary or Marie A. Stohl. This daughter, as executrix of the mother's estate, assigned the mortgage in suit to complainant, who concededly is acting on behalf of the sole beneficiary of the will. *Page 221 
Catherine Kresse contests the foreclosure, contending that the mortgage is void. She claims, and the testimony bears her out in this, that there was no consideration originally for the mortgage, but that it was executed as a cover to protect the father against a possible judgment threatened against him because of a workman's compensation suit. Nor was anything ever paid on account of principal or interest on the mortgage.
Were it not for the subsequent transactions between the parents and their daughters, the mortgage could be considered a nullity, as being a screen that had served its purpose, and then disregarded by all concerned. But it was expressly kept alive and recognized as valid by them. In 1940 the parents executed a mortgage for $4,000 to an outsider, and the present Mrs. Kresse joined with her sister in subordinating the mortgage in suit to the new $4,000 one. This certainly indicates an intention to consider the old mortgage as subsisting, otherwise it would have been simple to satisfy it.
Dispositive of Mrs. Kresse's claims, however, are the transactions between parents and daughters in 1942. By simultaneous documents, the parents deeded the equity in the premises to their children, and received back an assignment of the mortgage. The deed expressly provided that there should be no merger of the mortgage with the conveyance, and the deed was expressly subject to the mortgage. Mrs. Kresse's only rights in the premises are under this deed, as joint tenant with her sister, since all other assets of both parents became the property of the other sister. Her rights could not be beyond the provisions of the deed, which gave her only an interest in an equity above the mortgage. Having participated in the exchange of the mortgage for the deed, she cannot now be heard to question the validity of the mortgage, however doubtful that validity might have been at its inception.
Complainant is therefore entitled to proceed with the foreclosure. *Page 222