INDUSTRIAL BANK OF COMMERCE, Appellant, *v.* ELEASER A. SPRINGER, Respondent.

Supreme Court, Appellate Term, First Department, January 2, 1947.

*John J. Dwyer* for appellant.

*Benjamin Bag* for respondent.

HECHT, J. Plaintiff sues to recover on a bond. The bond was given by defendant in 1931 and secured by a second mortgage on real property. Defendant interposed an affirmative defense of Statute of Limitations and summary judgment was granted on that defense.

It appears that defendant defaulted in payments on the bond on April 2, 1934. In 1936, the first mortgagee obtained a judgment of foreclosure in an action in which plaintiff here was a party defendant. Prior to September 1, 1938, the Statute of Limitations in an action on a sealed instrument was twenty years (Civ. Prac. Act, § 47). On that date new section 47-a was added to the Civil Practice Act (L. 1938, ch. 499) providing that " An action upon a bond, the payment of which is secured by a mortgage on real property   *   *   *   must be commenced

within six years after the cause of action has accrued." Defendant claims that section 47-a is applicable and since on September 1, 1938, more than six years had run before this obligation was barred, September 1, 1944, became the limitation day.

On September 1, 1938, plaintiff did not have a bond secured by a mortgage on real estate and, therefore, the period of limitation on the debt is fixed by section 47, which since the amendment of 1941 only barred this action after September 1, 1947 (L. 1941, ch. 329). When a mortgage is foreclosed, the lien on the land is extinguished (*Sautter* v. *Frick,* 229 App. Div. 345). A subsequent action on the bond is not on an indebtedness secured by a mortgage on real property (*Weisel* v. *Hagdahl Realty Co., Inc.,* 241 App. Div. 314, 318). Where an obligor on a bond sought to defeat an action on the bond after condemnation, the court ruled out a defense based on the moratorium law. (*Bank of New York* v. *Kennedy,* 183 Misc. 819.) In that case the court was considering section 1083-b of the Civil Practice Act which protects obligors on bonds secured by mortgages. Section 47-a refers to a bond secured by a mortgage, the same subject matter as covered by section 1083-b. The reasoning applied by the above-cited cases as to the application of the moratorium law is apposite. Section 47 and not section 47-a provides the appropriate period of limitation.

The judgment and order should be reversed and motion denied, with $10 costs.

SHIENTAG, J. (dissenting). The question involved on this appeal is the interpretation of section 47-a of the Civil Practice Act, effective on September 1, 1938, and providing that an action upon a bond, the payment of which is secured by a mortgage upon real property, must be commenced within six years after the cause of action has accrued. The contention of the defendant which was sustained below was that an action on the bond was barred on September 1, 1944, or six years from September 1, 1938, when section 47-a became effective. The action herein was not commenced until January 11, 1946. The appellant seeks to avoid the statute by contending that it does not apply because its mortgage, which was given to secure the bond upon which this action is predicated, was extinguished by a superior mortgage lienor in a foreclosure action in 1935. The appellant contends in effect that the action is not one upon a bond, the payment of which is secured by a mortgage on real property, because the mortgage which secured the bond had been extinguished when section 47-a became effective.

The case of *Kirschner* v. *Cohn* (270 App. Div. 126), while not controlling, is suggestive. In that case, it is true, the mortgage was extinguished after the effective date of section 47-a. If the statute is to be read as referring to " an action upon a bond, the payment of which is secured *at the date of enactment of this statute* by a mortgage on real property ", then the *Kirschner* case (*supra*) may be distinguished from the present case. However, I do not believe that such is the fair intendment of the statute. It appears to me rather to refer to actions on a certain class of bonds, i.e., those given in connection with a mortgage. If subsequent events rather than the original transaction are to be determinative, it might even be argued that foreclosure of a mortgage *after* the effective date of the statute would operate to change the period of limitations. The *Kirschner* case rejects such an argument and to my mind implies as an alternative not that the date of enactment is significant, but that the statute embraces actions on bonds which at their inception are secured by mortgages.

The cases cited by appellant, which deal with the emergency legislation of the 1930's, seem to me to be neither controlling nor persuasive. That legislation was directed specifically to the mortgagor-mortgagee situation. Once the mortgage is extinguished, the case is no longer within the purview of the statute. Such decisions have little bearing on the wholly different type of legislative enactment involved in the present case. Moreover, the test in the mortgage moratorium cases is the existence or nonexistence of the mortgage *at the time the action is commenced* (see *Meurer* v. *Keimel,* 150 Misc. 113). The *Kirschner* case (*supra*) makes it clear that such a test does not govern the applicability of the limitations statute.

The language of section 47-a is on its face susceptible of either construction. Under the construction adopted by the lower court a uniform limiting period is applied to actions against a single class of obligors, and the limitation does not vary according to what happens to the security after the creation of the obligation. This construction is in my opinion sound and preferable.

I recommend affirmance.

HAMMER, J., concurs with HECHT, J.; SHIENTAG, J., dissents in opinion.

Judgment and order reversed.