Action to foreclose a mortgage, to which the Statute of Limitations was interposed as a *1013 separate defense. Judgment for defendants, insofar as appealed from, reversed on the law, without costs, and the matter remitted to Special Term to enter a judgment in favor of plaintiff for the quarter-annual installments of interest, at the rate of 6% per annum, upon an indebtedness of $1,600, which were due and payable between June 1, 1939, and August 12, 1942, and for foreclosure of the lien of the mortgage fpr that total amount, without costs. Findings of fact implicit in the determination are affirmed, with the additional finding, however, that a payment on account of interest in the amount of $50 was made by defendants on October 1, 1932. The last payment by defendants on account of interest was made on August 12, 1936, but inasmuch as the instruments sued upon were not under seal, a limitation period of six years was applicable therefrom. (Civ. Prac. Act, § 48; Empire Trust Co. v. Heinze, 242 N. Y. 475; Futherer v. Agneui, 24 N. Y. S. 2d 273, affd. sub nom. Futherer v. Angelidis, 261 App. Div. 876; Broward Operating Co., Inc., v. Hardimg, 167 Mise. 573.) The cause of action, as to principal, therefore, was barred as of August 12, 1942. (Kirschner v. Cohn, 270 App. Div. 126.) Plaintiff, however, was entitled to recover the installments of interest which were due under the instruments during the period commencing six years prior to commencement of the action on June 1, 1945, and the termination of the limitation period as to principal, or from June 1, 1939, to August 12, 1942. (Kirschner v. Cohn, supra.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ., concur. [See 272 App. Div. 837.]