Appeal by the purchaser from two orders, the first of which denies his motion to relieve Mm from Ms contract of purchase and to direct the return of a $19,000 deposit paid by him, and the second of which denies his motion to renew and reargue the first motion. Order denying motion to relieve purchaser from his contract of purchase, insofar as appealed from, reversed on the law, with $10 costs and disbursements, and the motion granted to the extent of relieving him from the contract, directing a cancellation thereof and the return to the purchaser of the deposit of $19,000 made by Mm pursuant to said contract, with $10 costs. Appeal from an order denying the appellant’s motion to renew and reargue the first motion dismissed, without costs. In June, 1936, the Manufacturers Trust Company, as trustee of a certificated first mortgage, brought an action to foreclose the mortgage, and joined one Rosie Schott, the holder of a second mortgage, as a party. The second mortgagee had died prior to the commencement of the action and no supplemental summons was issued bringing in her administrator as a party defendant. The summons and complaint in the foreclosure action were served on the second mortgagee’s husband and infant children, her only heirs at law and next of kin. In December, 1936, the second mortgagee was struck out as a party defendant and her husband and infant children substituted, but no supplemental summons or amended complaint was served on them which contained their names as defendants. The first mortgagee purchased at the foreclosure sale and has been in possession of the premises since March 31, 1937, the date of the referee’s deed, which was recorded April 1, 1937. No payments on account of principal or interest have been made to the second mortgagee since that time. The principal of the second mortgage became due by its terms on February 7, 1933, The six-year Statute of Limitations (Civ. Prac. Act, § 47-a) is now a bar to the second mortgagee’s right to foreclose for the principal. On July 17, 1946, the court approved a sale by the trustees to the purchaser for $190,000, the seller being required to convey a marketable title. The purchaser contends that the title is unmarketable because section 46 of the Civil Practice Act gives the second mortgagee fifteen years from the date of the recording of the deed to the purchaser at the foreclosure sale within which to redeem, which period has not yet expired. Special Term held that the title was marketable on the theory that the right of the second mortgagee to redeem under section 46 of the Civil Practice Act lapsed when the right to foreclose was barred. Where title to real property purchased at a judicial sale is not marketable, such fact is a defense to a motion to compel the purchaser to complete Ms purchase or to any other proceeding or action based upon such bid. The decision on such a motion should be based npon equitable principles. The purchaser being entitled to a marketable title, should not be compelled to take a title that will not be accepted by an ordinarily prudent man when the property is again offered for sale or as security for a loan. (Wanser v. Be Nyse, 188 N. T. 378, 380.) The same principles apply on a motion by the purchaser to be relieved of his contract. A title open to reasonable doubt is not a marketable one. (Fleming v. Burnham, 100 N. T. 1.) While we agree with the Special Term that the right to redeem lapses when the right to foreclose is barred *946 (5 Tiffany on Real Property [3d ed.], p. 558, and cases cited; Pardee v. Van Anken, 3 Barb. 534, 537; Chamberlin v. Chamberlin, 12 Jones & Sp. 116; Grant v. Duane, 9 Johns. 591), the second mortgagee still has the right to foreclose for installments of interest becoming due between a date six years before such a foreclosure action is commenced and September 1, 1944, the termination of the limitation period as to principal. (Kirschner v. Cohn, 270 App. Div. 126; Ernst v. Schaaclc, 271 App. Div. 1012; Jackson Heights Apt. Corp. v. Staats, 272 App. Div. 780.) This outstanding right to foreclose, with its consequent right of redemption, renders the title sufficiently unmarketable to relieve the purchaser from his contract. It would be inequitable to compel the purchaser to complete his contract under all the circumstances shown by this record. Carswell, Johnston, Holán and Sneed, JJ,, concur; Hagarty, Acting P, J., not voting.