HARRY S. GORGAS, Appellant-Respondent, *v.* IDA PERITO, Respondent-Appellant, et al., Defendants.

Argued February 23, 1949; decided May 26, 1949.

*Aaron I. Berk* and *Alfred J. Conforti* for plaintiff, appellant and respondent. I. Payments made in 1946 averted the effect of section 47-a of the Civil Practice Act. (*Old Arms House* v. *Smith,* 52 Conn. 434; *Empire Trust Co.* v. *Heinze,* 242 N. Y. 475; *Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210; *Murdock* v. *Waterman,* 145 N. Y. 55; *Mills* v. *Davis,* 113 N. Y. 243; *Clute* v. *Clute,* 197 N. Y. 439.) II. The issues of fact as to agency were determined by the trial court whose findings were affirmed by the Appellate Division. (*Queeney* v. *Willi,* 225 N. Y. 374; *Crow* v. *Gleason,* 141 N. Y. 489.) III. Plaintiff is entitled to interest from December 21, 1933, less $550 paid on account. (*Harper* v. *Fairley,* 53 N. Y. 442; *Matter of Bond & Mtge. Guar. Co.* [*570 Kosciusko St.*], 272 App. Div. 944, 297 N. Y. 765.)

*Garry J. Fury* for defendant, respondent and appellant. I. The complaint should have been dismissed by the trial court on the ground that the action was barred by section 47-a of the Civil Practice Act. (*Cary* v. *Koerner,* 200 N. Y. 253; *Levy* v. *Jones,* 269 App. Div. 295; *Kirschner* v. *Cohn,* 270 App. Div. 126; *Butler* v. *Price,* 271 App. Div. 359; *Matter of Bond & Mtge. Guar. Co.* [*570 Kosciusko St.*], 272 App. Div. 944, 297 N. Y. 765; *Egan* v. *Carroll-Garfield Corp.,* 185 Misc. 530, 269 App. Div. 998; *Rolfe* v. *Walker,* 188 Misc. 367; *Rookery Investing Co.* v. *Audley*

*Constr. Corp.*, 188 Misc. 693; *Matter of Muller*, 192 Misc. 514; *Gregoire* v. *Putnam's Sons*, 298 N. Y. 119; *Schmidt* v. *Merchants Desp. Transp. Co.*, 270 N. Y. 287.) II. Defendant-appellant never became personally obligated to pay the mortgage debt and, hence, the rule of part payment cannot apply to revive the debt outlawed by the Statute of Limitations. (*Harper* v. *Fairley*, 53 N. Y. 442; *Smith* v. *Ryan*, 66 N. Y. 352; *Adams* v. *Olin*, 140 N. Y. 150; *Crow* v. *Gleason*, 141 N. Y. 489; *Murdock* v. *Waterman*, 145 N. Y. 55; *Mack* v. *Anderson*, 165 N. Y. 529; *Brooklyn Bank* v. *Barnaby*, 197 N. Y. 210; *Empire Trust Co.* v. *Heinze*, 242 N. Y. 475; *Brooklyn Sav. Bank* v. *Wechsler Estate*, 259 N. Y. 9; *Peoples Trust Co.* v. *O'Neil*, 273 N. Y. 312; *Scott* v. *Palmer*, 246 App. Div. 379, 273 N. Y. 471; *Nickell* v. *Tracy*, 100 App. Div. 80.) III. The part payment rule cannot be applied to restore accrued and outlawed interest on the original debt. (*Quackenbush* v. *Mapes*, 123 App. Div. 242; *Jackson Heights Apt. Corp.* v. *Staats*, 272 App. Div. 780; *Harper* v. *Fairley*, 53 N. Y. 442.) IV. The evidence was not sufficient as a matter of law to sustain the trial court's finding that the part payments were made by defendant-appellant through her agent and in recognition of the mortgage debt. (*Crow* v. *Gleason*, 141 N. Y. 489; *Matteson* v. *Palser*, 56 App. Div. 91; *Littlefield* v. *Littlefield*, 91 N. Y. 203; *Matter of Fitch*, 270 App. Div. 227.)

CONWAY, J. This action was commenced in 1947, to foreclose a mortgage, held by the plaintiff-assignee, on certain premises in New York City, owned by defendant Ida Perito. The mortgage, originally in the amount of $7,500, was executed and delivered in 1914, by defendant Ida Perito and her husband, Angelo Perito, as collateral security for a bond in the same amount, executed and delivered by Angelo Perito alone. The bond and mortgage provided in part that the whole of the principal sum should become due at the option of the obligee-mortgagee after default in the payment of interest for thirty days.

Angelo Perito, the obligor on the bond, died intestate in 1936, leaving him surviving his widow, Ida, and five children. By a quitclaim deed recorded in 1941, Ida Perito became the sole owner of the mortgaged premises. She never expressly assumed the payment of the debt secured by the mortgage, and no deficiency judgment is sought against her.

A payment of $2,500 was made on principal in 1925, and regular, semiannual installments of interest were paid up to and including December 21, 1933. The next installment of interest became due and payable on June 21, 1934, and installments of interest in like amounts became due and payable on the 21st days of December and June, semiannually thereafter, but no part of said installments has been paid except that eight payments on account were made in 1937, one in 1938 and two in 1946. Each of said payments on account was in the amount of $50 and each was made — as the trial court properly found upon sufficient evidence — by defendant, Ida Perito, through her son, John A. Perito, as agent.

Defendant set up the Statute of Limitations as a bar, alleging that the cause of action for foreclosure did not accrue within six years next preceding the commencement of the action. (Civ. Prac. Act, § 47-a.) The trial court rejected that defense, apparently on the theory that the partial payments made on the mortgage debt constituted an acknowledgment of the existence of the lien of the mortgage and extended 'the time within which plaintiff could sue in foreclosure. Accordingly, the trial court found that there was justly due and owing to plaintiff on the bond and mortgage. the principal sum of $5,000 " with interest thereon at the rate of five per cent per annum from December 21st, 1933, less the sum of $550 paid in the installments as above set forth."

On appeal, the Appellate Division affirmed the findings of fact below, but modified the judgment on the law " by providing for the payment of interest on the mortgage from February 28, 1941 ". As so modified, the judgment of foreclosure was affirmed.

Both the plaintiff-mortgagee and the defendant-owner appeal to this court from the judgment entered upon the order of modification and affirmance. Defendant's main contention is that the partial payments did not extend the time for commencement of the action for foreclosure, since they were not made by the obligor on the bond, i.e., the person liable for the payment of the debt secured by the mortgage. We think the argument is without merit. The action here is to foreclose upon and sell the interest of the owner of the equity of redemption in order to satisfy the balance of the debt, which includes accrued interest, secured by the mortgage. No deficiency judgment is sought. In that situa-

tion, it seems clear, on principle and precedent, that partial payments on the mortgage debt, made by the owner of the equity of redemption, or his authorized agent, is an acknowledgment of the existence of the lien of the mortgage upon the property and extends the time within which the mortgagee may commence his action for foreclosure and sale. (See *Empire Trust Co.* v. *Heinze,* 242 N. Y. 475, 480; *Clute* v. *Clute,* 197 N. Y. 439; *Murdock* v. *Waterman,* 145 N. Y. 55, 61, 65, 69.) We, therefore, agree with the courts below that the action for foreclosure is not barred by the Statute of Limitations.

The Appellate Division, however, modified the judgment of foreclosure by directing that unpaid interest on the debt secured by the mortgage be allowed only from February 28, 1941, six years prior to the date of the summons, instead of from December 21, 1933, the date of the last regular payment of interest, as held by the trial court. Thus, the holding appears to be that while the action for foreclosure and sale is timely, and while plaintiff may recover the full amount of unpaid principal, he nevertheless may recover only those installments of interest which became due within six years of the commencement of the action. We see no reason for that distinction here between principal and interest and for thus limiting plaintiff's recovery. If, as we agree, the partial payments by the defendant-owner, through her son, as agent, operated as an acknowledgment of the lien of the mortgage so that the action for foreclosure is timely, plaintiff should be permitted to recover, out of the proceeds of the sale of the premises, the full amount due him, viz., both the unpaid principal and the unpaid interest installments. The amount due upon the bond, for which the mortgage stands as security, is an entirety consisting of principal and interest. (Real Property Law, § 254, subd. 3.) The partial payments constitute an acknowledgment of the lien of the mortgage, i.e., for all the amount unpaid as principal and interest.

Cases such as *Chapin* v. *Posner* (299 N. Y. 31, 42); *Matter of Bond & Mtge. Guar. Co. (570 Kosciusko St.)* (272 App. Div. 944, affd. 297 N. Y. 765), *Ernst* v. *Schaack* (271 App. Div. 1012, affd. 297 N. Y. 566), and *Kirschner* v. *Cohn* (270 App. Div. 126), have no bearing upon the situation here presented. They were cases in which the Statute of Limitations had run against the cause of action both as to principal and interest on a certain date, but

recovery was allowed for those installments of interest which became due *prior* to that date and yet *within* six years of the commencement of the action. The result was reached upon the theory, evolved in response to the special circumstances created by the mortgage moratorium, that successive defaults in payment of interest installments gave rise to separate new causes of action. (*White* v. *Wielandt,* 259 App. Div. 676, decision amended 260 App. Div. 871, affd. 286 N. Y. 609.) Hence, even though recovery of both principal and interest were held barred by the Statute of Limitations on a certain date, the courts, during the mortgage moratorium, permitted recovery of those installments of interest which had become due prior to that date and within six years of the commencement of the action. In the case at bar, however, the normal period of limitation has been extended by the partial payments above mentioned, the action for foreclosure is timely, and recovery is not barred as to any part of the unpaid principal and interest. In that situation, the cited cases are inapposite.

The judgment of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs to plaintiff in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Judgment reversed, etc.