MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, *v.* MAX S. WEIL et al., Individually and as Executors and Trustees under the Will of SAMUEL WEIL, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, February 17, 1950.

*Louis W. Dawson* and *Vincent Keane* for plaintiff.

*Arnstein & Levy* for defendants.

STEUER, J. On October 16, 1924, Samuel Weil executed an extension agreement wherein the plaintiff, holder of a certain mortgage, agreed to extend the time for payment to December 1, 1927, and Weil agreed to pay the amount due, $15,000, on that date, and also agreed to pay interest. The agreement contains the usual covenants concerning taxes, water rates and insurance. Before the due date Weil died. The defendants are his executors, the distributees under his will and a corporation formed to handle the real estate left by him. Suit is for the principal sum plus interest according to the

agreement and taxes and water rates paid by the plaintiff. For their first defense all of the defendants plead the Statute of Limitations. Suit was begun against all but two defendants on December 1, 1947, and on those two on December 6 and 11, 1947. For the purposes of this motion there is no distinction between these dates.

Concededly, unless the statute is either affected by the mortgage moratorium legislation or is tolled, suit is barred. This being a sealed instrument, due to the amendment to the then existing statute contained in section 47 of the Civil Practice Act, time to sue expired September 1, 1947.

The mortgage moratorium statutes (Civ. Prac. Act, § 1077-a et seq.) provide for limitations as follows (§ 1077-f): " Any action or proceeding within the scope of this act, which would have been maintainable at any time during the period of the emergency, shall not be barred by any provision of article two of the civil practice act during a period of one year after the termination of the emergency. This section shall not be construed to shorten the period within which any such action may be commenced."

The plain meaning of the last sentence of this section is that where the expiration date upon which an action can be started is more than a year after the termination of the emergency that date remains; where it is less, the date is extended to one year. That this would have been an action of the character that would have been maintainable during the period of the emergency and was barred by it cannot be doubted.

The scheme of the moratorium statutes is to prevent suit on the principal during the period of the emergency, but only so long as the obligor meets his interest payments and performs the covenants of the agreement. A default lifts the ban of the moratorium so that suit may be brought and the statute consequently begins to run (Kirschner v. Cohn, 270 App. Div. 126). Nevertheless the obligations of the covenants continue until demand is made or until the mortgagee elects to declare the principal due, and these constitute separate obligations and the statute on each of such obligations does not start to run until the respective item is payable (see Gorgas v. Perito, 299 N. Y. 265, 269). Plaintiff argues that the pattern so presented involves grave logical inconsistencies and consequently despite the decisions cannot be the law. It will, however, bear comparison with and even find support in many other situations, and there is no fundamental objection to the conception.

Applying the rule to the facts, it is seen that the earliest claimed default was the failure to pay an installment of real estate taxes which became payable on October 1, 1941. The instrument provides that the entire obligation is to become due if such default lasts for ninety days. The statute (Civ. Prac. Act, § 1077-a) preserves the ban against suit for any grace period provided in the agreement. Ninety days would expire on December 29, 1941. Suit was begun within six years from that date.

Defendant further contends that as the principal was already due at the time of the enactment of the moratorium in 1933 these sections of it have no application. This position is untenable. The statute applies with equal force to an instrument already due as to one coming due during the emergency. That being the case it is immaterial whether the calculation is made by extending the period in which suit might be brought by adding to the expiration date the period between the declaration of the emergency and the occurrence of the first default. While the grace period for a default in interest is thirty days, the first default was on December 1, 1941, which would again extend the time for commencing the action beyond the date when suit was brought.

Defendants raise an additional defense. It is that plaintiff must proceed against the property in the first instance. Their reliance is on section 250 of the Real Property Law. This section merely provides that where an heir or distributee of an estate inherits real property incumbered by a mortgage he may not look to his ancestor's estate for satisfaction of the mortgage unless the will provides otherwise. This is a far cry from authority that a personal obligation of the deceased secured by a mortgage upon realty is not payable by his estate. An extended argument based upon decisions in executors' accountings seeks to bridge this gap. The argument has been considered but no useful purpose would be served by setting it out or pointing to the distinguishing factors which make it inapplicable. Plaintiff's motion for judgment is granted. Defendants' cross motion for the same relief is denied. Settle order on notice.