Sol Winter, as Executor of Lena Winter, Deceased, Respondent, *v.* Bernard Kram, Appellant, et al., Defendants.

Second Department, February 4, 1957.

*Harold N. Schwinger* for appellant.

*William P. Shea* for respondent.

Murphy, J. On December 22, 1926, B. F. & C., Inc., made to Title Guarantee & Trust Co. a bond for $3,500 payable on January 1, 1930 with interest at 6% payable on June 1, 1927 and semiannually thereafter, with a mortgage to secure the

same on a parcel of realty in Queens County. The bond and mortgage were assigned on February 5, 1927 to Gustave and Lena Winter, husband and wife. Lena Winter, surviving and sole owner of the bond and mortgage, died in March, 1953. This action was commenced by the executor of her estate on December 2, 1953. The sole issue is whether the action is barred by the six-year Statute of Limitations.

The property was sold by B. F. & C., Inc., on July 12, 1929, and thereafter by mesne conveyances it reacquired the property on February 8, 1930. It conveyed to one Louis Brownstein on August 27, 1930, subject to the mortgage. Brownstein conveyed to one Ida Leventer on September 4, 1930, subject to existing mortgages. Leventer conveyed to Levlock Realty Corp. on July 29, 1943, subject to existing mortgages. Levlock conveyed to Edna Kram on December 15, 1945.

No part of the principal has been paid. Nothing is shown by respondent as to payment of interest. If we assume, as do the parties, that the bond and mortgage were sealed instruments, the applicable Statute of Limitations (Civ. Prac. Act, § 47) provided, until September 1, 1938, for a period of limitation of 20 years from the date the debt became due and payable (*Kirschner* v. *Cohn,* 270 App. Div. 126, 129; cf. *Ernst* v. *Schaack,* 271 App. Div. 1012, affd. 297 N. Y. 566). On September 1, 1938 the period of limitation was shortened to 6 years from that date (Civ. Prac. Act, § 47-a).

Action to foreclose the mortgage was barred, therefore, as of September 1, 1944, as alleged in appellant's affirmative defense, unless respondent could show that the period of limitation had been extended (*Crow* v. *Gleason,* 141 N. Y. 489, 493; *Mason* v. *Henry,* 152 N. Y. 529, 539; *Beattys* v. *Straiton,* 142 App. Div. 369, 375; *Matter of Fitch,* 270 App. Div. 227, 237).

In support of his claim that the period of limitation had been extended, respondent argues that the Statute of Limitations was tolled when Edna Kram, appellant's mother and predecessor in interest, on December 15, 1945 accepted a deed to the parcel, whereby she took title subject to the mortgage herein as one of the " liens affecting the above premises."

If the plain language of section 59 of the Civil Practice Act controls, the only manner in which a period of limitation can be extended is by acknowledgment of the validity of the debt evidenced by (a) a writing signed by the party to be charged thereby or (b) payment of principal or interest. The Court of Appeals did not deem it necessary to determine the scope of section 59 in *Shohfi* v. *Shohfi* (303 N. Y. 370, 376) where it was held, independently of section 59, that the principle that accept-

ance of a title subject to a mortgage can interrupt or suspend the Statute of Limitations applies only when the circumstances of the purchase amount to an admission of the validity and lien of the outstanding encumbrance.

Irrespective of the effect of section 59, the taking of the deed by Edna Kram could not serve to revive the outlawed lien. There was no privity between the mortgagor or anyone assuming payment on the one hand, and either Levlock or Kram on the other. Levlock and its grantor had taken '' subject to existing mortgages.'' They were not obliged to pay the mortgage in suit. In the absence of other proof it can only be assumed that Levlock, in subjecting title to the payment of the mortgage debt, did so for its own protection as against Kram, its grantee. As between them, the '' subject '' provision barred the grantee from urging that the mortgage was an encumbrance rendering unmarketable the title which was conveyed. There was not, so far as appears, any intention on the part of either Levlock or Kram to admit the validity of a mortgage for the benefit of a holder in whom they had no interest (cf. *Matter of Kendrick*, 107 N. Y. 104, 109–110).

But even if the effect of the acceptance by Edna Kram of the deed on December 15, 1945 was to extend the period of limitation, that extension would terminate on December 15, 1951. For a further extension of time respondent relies on section 21 of the Civil Practice Act. Thereunder, a term of 18 months after the death of a person liable is not part of the period within which an action against his executor must be commenced. There is also provision for an additional extension after. issuance of letters testamentary or letters of administration. Edna Kram died intestate in September, 1951 and letters of administration were granted to appellant on September 2, 1953.

Extension of time is allowable under section 21 only where a cause exists against a deceased person which may be prosecuted against the representative of his estate (*Butler* v. *Price,* 271 App. Div. 359, 362). This is not such an action. Edna Kram was not personally liable for payment of the mortgage and no deficiency judgment is sought. This action, insofar as she and those taking as her successors are concerned, is one against the land for the purpose of extinguishing subordinate interests. The representative of her estate is not a necessary party. It is the distributees who are the necessary parties (*Heidgerd* v. *Reis,* 135 App. Div. 414). If unknown to the holder of the mortgage they could have been served by publication (Civ. Prac. Act, § 232-a, subd. 6).

Respondent offers an alternative contention which is based on a fire insurance policy containing a standard clause running to Gustave and Lena Winter as first mortgagees, issued on July 27, 1947 and signed only by the officers of the insurer. Respondent claims that such officers, as agents of Edna Kram, thereby executed an acknowledgment of the validity of the mortgage indebtedness. There is no proof of such agency or of the circumstances attending the issuance of the policy or payment of its premium. But even if the proof was sufficient to show that Edna Kram had procured and paid for the policy, its execution did not constitute an acknowledgment of the validity of the debt or part payment thereof (*Carlos Land Co.* v. *Root*, 282 App. Div. 349, 351). The debt then was not enforcible so as to warrant further extension of time under section 20 of the Civil Practice Act as of the date of the death of Lena Winter.

Upon all of the proof the conclusion is inescapable that the debt was outlawed as of September 1, 1944.

The judgment should be reversed on the law, without costs, and the complaint should be dismissed, without costs. The findings of fact should be affirmed.

NOLAN, P. J., WENZEL, UGHETTA and KLEINFELD, JJ., concur.

Judgment reversed on the law, without costs, and complaint dismissed, without costs. The findings of fact are affirmed.