Louis B. Heller, J.
In this action to foreclose a mortgage, plaintiffs move for an order pursuant to rule 103 of the Rules of Civil Practice striking out the defenses contained in the answer as sham and pursuant to rule 110 of the Rules of Civil Practice striking out the counterclaims therein on the ground that the causes of action set forth did not accrue within the *1004 time limited by law and may not be properly interposed in this action.
The facts appear to be undisputed. In 1946 the defendant corporation, with the consent of all its stockholders as well as its officers and directors, executed the subject bond and mortgage in the sum of $25,000 to be paid quarterly in installments of $300 with interest until the balance was to fall due on March 1, 1961. On the day of the execution of the mortgage it was assigned to the plaintiffs, who were the wives of the sole stockholders and officers of the corporation. From that date to August 24, 1953 payments of interest and principal were made, though not on the dates or in the sums provided for by the terms of the mortgage. On April 29, 1961 the majority stockholder died, bequeathing his stock to one Jennison. On August 17,1961, and before the beneficiary of the majority stock bequest took an active interest in the defendant corporation, the plaintiff Forman and her husband, the minority stockholder Herman Forman, as directors and officers, paid a large sum on account of the interest due.
Approaching these defenses and counterclaims in seriatim, the first defense alleges that prior to the commencement of the action the indebtedness was paid. The defendant does not dispute the plaintiffs’ statement that the books and records of the corporation, including the late franchise tax and income tax reports, reveal an unpaid balance of $8,000, the amount sued for. To sustain its defense the corporation merely states that the balance is kept on the books for tax purposes. Whether this be so or not, the defendant has merely submitted a conclusory and superficial statement of payment, unbolstered by any proof or evidence to sustain such conclusion. Accordingly the defense is stricken.
The second defense of lack of consideration also has no merit. It has long been the decisional law of this State that a corporation cannot avail itself of such a defense of an ultra vires act where the act has been assented to by all the stockholders and officers and the act does not affect the public or the creditors of the corporation (Kent v. Quicksilver Mining Co., 78 N. Y. 159; Capitol Wine & Spirit Corp. v. Pokrass, 277 App. Div. 184, affd. 302 N. Y. 734; Pine v. Hyed Realty Corp., 145 N. Y. S. 2d 548, affd. 1 A D 2d 952, motion for leave to appeal denied 1 A D 2d 1008; Profaci v. Mamiapro Realty Corp., 130 N. Y. S. 2d 851). Accordingly this defense is stricken as sham.
As to the third defense the court in its discretion will allow the same to stand subject to proof that the mortgage debt or a portion thereof has not been outlawed. It has been held that *1005 when a mortgage requires the payment of installments at fixed times, the Statute of Limitations begins to run when the installment becomes due (Haberkorn v. Da Silva, 210 N. Y. S. 2d 391, and cases cited therein). Other than the payment of interest on August 17,1961, there has been no payment of any of the installments. Whether such payment which is claimed to have been made without authority of the present majority stockholder who acquired ownership prior to the payment revived the obligation (Gorgas v. Perito, 299 N. Y. 265) or whether the alleged acknowledgment of the debt by the corporation records did likewise, are matters of proof which only the trial court can pass upon.
Nor can the fourth defense be considered sham. The alleged oral agreement to satisfy the mortgage on demand, as pleaded, is not so demonstrably false as to leave no reasonable doubt in the court’s mind as to its falsity (Rosenthal-Block China Corp. v. Haviland China Corp., 12 A D 2d 915).
It is undisputed that other than the interest payment on August 17, 1961 there were no payments made on account of principal and interest since August 24,1953. Under the circumstances, any attempted recovery of payments by the corporation made on account of the bond and mortgage prior to August 9, 1956 are barred by the Statute of Limitations. In any event these payments were made with the consent of all the stockholders, directors and officers and the authorities cited in the court’s determination relative to the second defense are applicable. However, the defendant may have a claim for the alleged improper payment of interest on August 17, 1961 and should amend and replead this counterclaim to specifically allege such payment.
For the reasons expressed in the court’s determination in the first counterclaim, this counterclaim is clearly barred by the Statute of Limitations and is dismissed.
As to the cause of action against the defendant Forman, here again the defendant should replead and amend the counterclaim. It is well established that, pursuant to section 61 of the General Corporation Law, no stockholder has a right of action unless he was a stockholder at the time of the transaction complained of and likewise it has been held that, because the stockholder could not sue derivatively since his stock was acquired after the transaction complained of, the corporation is similarly barred (Capitol Wine & Spirit Corp. v. Pokrass, supra). However, the last payment of interest on August 17,1961 was made when the stock interest had come into possession of the present majority stockholder and apparently without her consent. Whether *1006 such payment was proper and legal is a matter of proof which cannot be disposed of on this motion.
Leave to plead over in accordance with the directions of the court as above stated, granted. The defendant to serve the amended answer within 10 days after the service of the order to be entered hereon with notice of entry.