Argued and submitted April 4, affirmed August 3, 1983

# PACIFIC FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION,
*Respondent,*

*v.*

## LINDBERG et al,
*Defendants,*
COLE et al,
*Appellants.*

(16-82-02052; A25880)

667 P2d 535

John A. Hudson, Eugene, argued the cause for appellants. With him on the brief was Hudson & Kearney, P.C., Eugene.

Harold D. Gillis, P.C., argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a suit to foreclose a mortgage. Defendants Cole, grantees of the mortgaged property, appeal from a summary judgment for plaintiff Pacific First Federal, the mortgagee. They contend that the trial court erred in granting Pacific's motions to strike their affirmative defenses challenging certain provisions of the mortgage documents and in ordering summary judgment for Pacific. The dispositive issue is whether the Coles have standing to challenge the provisions of mortgage documents executed between Pacific and defendants Lindberg, the mortgagors. We conclude that they do not.

Pacific brought suit to foreclose a mortgage given by the Lindbergs as security for a loan. The Lindbergs later sold the mortgaged property to the Coles, "subject to" Pacific's mortgage. The record does not show whether there was a reduction in the Coles' purchase price because of the mortgage. Default on the underlying note and taxes was admitted by the Lindbergs, who do not challenge any of the provisions of the mortgage documents, and by the Coles.

The Coles pled two affirmative defenses: (1) that a provision in the note accompanying the mortgage given Pacific by the Lindbergs is unconscionable and therefore unenforceable, because it allowed Pacific, on default, to declare the entire debt due and payable and to charge interest from the time of default at a rate 2 percent higher than the rate provided by the note and (2) that the 2 percent increase in interest constituted an unenforceable penalty. Pacific's motions to strike the Coles' affirmative defenses were allowed by the trial court. The record does not show whether the court concluded that the Coles lacked standing or whether it concluded as a matter of law that their affirmative defenses were insufficient. When the Coles declined to plead further, the court awarded Pacific summary judgment. Neither the Coles nor any other defendant provided the trial court with any factual opposition to the motion for summary judgment.

Pacific contends that the Coles have no standing to challenge the validity of provisions in mortgage documents to which they were not parties. This appears to be a question of first impression in Oregon, and the parties have cited no authority directly on point.

From the few jurisdictions which have considered the narrow question presented here, the weight of authority is on the side of Pacific. The general rule is that a grantee of mortgaged property who takes the property "subject to" the mortgage cannot dispute its validity. *American Waterworks Co. v. Farmers' Loan & Trust Co.,* 73 F 956 (8th Cir 1896), *cert den* 163 US 675 (1896); *Spinney, et al. v. Winter Park Building and Loan Association,* 120 Fla 453, 162 So 899 (1935); *United States Bond & Mortgage Co. v. Keahey, et al.,* 53 Okla 176, 155 P 557 (1916), Annot. LRA 1917 C 832, 833-35; *Stohl v. Stohl,* 138 NJ Eq 220, 47 A2d 559 (1946), *aff'd* 140 NJ Eq 107, 52 A2d 853 (1947); *Ortega, Snead, Dixon & Hanna v. Gennitti,* 93 N M 135, 597 P2d 745 (1979); *Winter v. Kram,* 140 NYS2d 126 (1955), *rev'd on other grounds,* 3 App Div 2d 175, 159 NYS2d 417 (1957); *Morrill Realty Corp. v. Rayon Holding Corp.,* 254 NY 268, 172 NE 494 (1930); *see generally* 55 Am Jur 2d 885-86, *Mortgages* § 1042; 59 CJS 649, *Mortgages* 649, § 24b; 2 Jones on Mortgages § 928 (8th ed 1928); Osborne, Mortgages 530-31, § 267 (2d ed 1970).

In *American Waterworks Co. v. Farmers' Loan & Trust Co., supra,* 73 F at 961-62, the court explained the *rationale* supporting the "well-established" rule that

"* * * a purchaser of property who accepts a conveyance thereof which describes incumbrances existing thereon, and expressly declares that the conveyance is made subject thereto, will not be allowed to question the validity of such incumbrances. One who thus buys property has no right to challenge the validity of a mortgage lien existing thereon at the date of his purchase, which his grantor by the terms of his conveyance did not see fit to challenge, but recognized in the most formal manner by declaring that he conveyed the property subject to the existing lien. Whether such mortgage is valid or otherwise is no concern of the purchaser, for in contemplation of law he only acquires an equity of redemption in the property conveyed to him,—that is to say, a right to discharge the mortgage debt—and it would be a breach of good faith, having purchased this right and nothing more, to deny the validity of the incumbrance, and seek to avoid the payment thereof on that ground. As between the grantor and grantee in a conveyance made subject to an existing mortgage, the amount of the incumbrance should be regarded as a part of the purchase price left unpaid at the date of the conveyance which the grantee undertakes to pay. At all events, he

impliedly agrees not to challenge the validity of the incumbrance. * * *"

We conclude that the Coles lack standing to challenge the validity of the Lindbergs' mortgage documents.

There being no other genuine issue of material fact, the trial court correctly granted Pacific summary judgment.

Affirmed.