■ FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, Appellant, v STEVEN ROSE et al., Respondents, et al., Defendants. [883 NYS2d 546]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (Rosengarten, J.), dated April 2, 2007, which, inter alia, denied its motion for summary judgment on the issue of liability against the defendants Steven Rose, as heir to the estate of Jack Rose, and Debra Rosenberg, as heir to the estate of Jack Rose, and directed the plaintiff to join the estate of the now-deceased mortgagor Jack Rose.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the plaintiff to join the estate of the now-deceased mortgagor Jack Rose and adding thereto a provision that the denial of the plaintiff's motion for summary judgment is without prejudice to renewal upon completion of discovery; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

There was no need to join the estate of the now-deceased mortgagor, the father of the respondents Steven Rose and Debra Rosenberg, as it appears that he died intestate and the complaint does not seek a deficiency judgment (*see Countrywide Home Loans, Inc. v Keys,* 27 AD3d 247 [2006]; *Winter v Kram,* 3 AD2d 175 [1957]).

However, the Supreme Court properly denied summary judgment to the plaintiff, although the motion should have been denied without prejudice to renewal upon completion of discovery. The respondents alleged that the now-deceased mortgagor was incompetent when he executed the subject loan, and that the plaintiff knew or should have known of the incompetence, which, if both facts are proven, would constitute a basis to void this transaction (*see Ortelere v Teachers' Retirement Bd. of City of N.Y.,* 25 NY2d 196 [1969]; *Matter of Loretta I.,* 34 AD3d 480 [2006]; *see generally Peterson v Spartan Indus.,* 33 NY2d 463, 465-466 [1974]; *Matter of People v Jaguar Sales,*

*LLC,* 61 AD3d 872 [2009]; *Benfeld v Fleming Props., LLC,* 38 AD3d 814 [2007]; *Ying Jun Chen v Lei Shi,* 19 AD3d 407 [2005]). Since the respondent Steven Rose set out a sufficient basis for his inability to include medical evidence as to the decedent's mental capacity in his opposition papers, further discovery was warranted. Spolzino, J.P., Florio, Covello and Eng, JJ., concur.