U.S. Bank Trust, N.A. v Gedeon (2020 NY Slip Op 01660)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

U.S. Bank Trust, N.A. v Gedeon

2020 NY Slip Op 01660

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-01563
(Index No. 503599/13)

[*1]U.S. Bank Trust, N.A., etc., appellant, 
vSylvanie Gedeon, etc., respondent, et al., defendants.

Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali and Stacey Weisblatt of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 3, 2017. The order granted the motion of the defendant Sylvanie Gedeon, in effect, to vacate an order of reference of the same court dated December 3, 2015, and a judgment of foreclosure and sale of the same court dated May 20, 2016, and pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against her.
ORDERED that the order dated January 3, 2017, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Sylvanie Gedeon which was pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against her, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated January 3, 2017, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the joinder of the administrator of the estate of Joseph E. Gedeon as a defendant in this action, without prejudice to its right to assert any defenses or affirmative defenses, and for further proceedings thereafter.
On or about June 27, 2013, the plaintiff commenced this action to foreclose a mortgage on real property owned by Joseph E. Gedeon, who had died intestate on March 28, 2010. The complaint named as a defendant, among others, "Sylvanie Gedeon, Individually and as Voluntary Administratrix of the Estate of Joseph E. Gedeon" (hereinafter Sylvanie). Sylvanie is the daughter of Joseph E. Gedeon.
Sylvanie interposed an answer, but she did not oppose the plaintiff's subsequent motions for an order of reference and for a judgment of foreclosure and sale. The Supreme Court issued an order of reference dated December 3, 2015, and subsequently issued a judgment of foreclosure and sale dated May 20, 2016.
Sylvanie thereafter moved, in effect, to vacate the order of reference and the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against her for failure to join a necessary party. In the order appealed from, the Supreme Court granted the motion.
Contrary to the plaintiff's contention, the Supreme Court was empowered to vacate the order of reference and the judgment of foreclosure and sale, on the ground of lack of jurisdiction [*2](see CPLR 5015[a][4]; see also Wells Fargo Bank N.A. v Podeswik, 115 AD3d 207, 212-213).
We agree with the Supreme Court's determination that, under the circumstances presented, the estate of Joseph E. Gedeon is a necessary party to this action, and that the failure to join the estate of Joseph E. Gedeon warranted vacatur of the order of reference and the judgment of foreclosure and sale. No action may be commenced against a person subsequent to his or her death and prior to the appointment of a personal representative to his or her estate (see Jordan v City of New York, 23 AD3d 436, 437; Arbelaez v Chun Kuei Wu, 18 AD3d 583, 584). Pursuant to RPAPL 1311(1), "necessary defendants" in a mortgage foreclosure action include, among others, "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein."
In certain circumstances, the estate of the mortgagor is not a necessary party to a mortgage foreclosure action. Where a property owner dies intestate, title to real property is automatically vested in his or her distributees (see Matter of Blango, 166 AD3d 767, 768; Matter of Torricini, 249 AD2d 401, 402; Kraker v Roll, 100 AD2d 424, 429). Thus, where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, generally a foreclosure action may be commenced directly against the distributees (see Financial Freedom Senior Funding Corp. v Rose, 64 AD3d 539; Countrywide Home Loans, Inc. v Keys, 27 AD3d 247).
Here, however, only one distributee of Joseph E. Gedeon, Sylvanie, is named as a defendant. The record contains insufficient information as to whether Sylvanie is the only distributee of Joseph E. Gedeon. In addition, the plaintiff alleges a default in payment of the mortgage loan subsequent to the death of mortgagor Joseph E. Gedeon. Under these circumstances, the estate of Joseph E. Gedeon is a necessary party to this mortgage foreclosure action (see RPAPL 1311[1]; see also Salomon Bros. Realty Corp. v Alvarez, 22 AD3d 482; Dime Sav. Bank of N.Y. v Luna, 302 AD2d 558).
Further, contrary to the plaintiff's contention, service of the summons and complaint upon Sylvanie as "voluntary administratrix" of the estate did not constitute service upon the estate of Joseph E. Gedeon (see SCPA 1306).
Under these circumstances, we agree with the Supreme Court's determination granting that branch of Sylvanie's motion which was in effect, to vacate the order of reference and judgment of foreclosure and sale (see CPLR 5015[a][4]; see also Wells Fargo Bank N.A. v Podeswik, 115 AD3d 207, 212-213).
However, the Supreme Court should have denied that branch of Sylvanie's motion which was pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against her for failure to join the estate of Joseph E. Gedeon as a defendant. "When a [necesssary party] has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned" (CPLR 1001[b]). Accordingly, we remit the matter to the Supreme Court, Kings County, for the joinder of the administrator of the estate of Joseph E. Gedeon and for further proceedings consistent herewith (see CPLR 1001[b]; Deutsche Bank Natl. Trust Co. v Bandalos, 173 AD3d 1136, 1138; Central Mtge. Co. v. Davis, 149 AD3d 898, 900).
SCHEINKMAN, P.J., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court