Matter of CIT Bank, N.A. v Gould (2021 NY Slip Op 00620)





Matter of CIT Bank, N.A. v Gould


2021 NY Slip Op 00620


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 380414/10 Appeal No. 13038 Case No. 2020-03249 

[*1]In the Matter of CIT Bank, N.A. Formally Known as Onewest Bank, N.A., Petitioner-Respondent,
v
Bonnie Gould, Public Administrator for the Estate of Floree Bilotti, Also Known as Floree Bresnihan et al., Defendants. 
Norma Bresnihan Smith, Defendant-Appellant,
v
George G. Bresnihan et al., Defendants.


Shiryak Bowman Anderson Gill & Kadochnikov LLP, Kew Gardens (Andreas E. Christou of counsel), for appellant.
Bryan Cave Leighton Paisner LLP, New York (Elizabeth Goldberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered January 16, 2020, which denied the motion of defendant Norma Bresnihan Smith to dismiss the complaint, unanimously affirmed, without costs.
While the action was a nullity as to the deceased mortgagor (see Rocha v Figueiredo, 50 AD3d 876, 877 [2d Dept 2008]), it was properly commenced against defendant Norma Bresnihan Smith, as a Jane Doe defendant, described in the complaint as having an interest in the subject property, who is an heir and distributee of the decedent (see U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745 [2d Dept 2020]; see also Financial Freedom Senior Funding Corp. v Rose, 64 AD3d 539 [2d Dept 2009]). The infirmities in the notice of appeal are not jurisdictional, and can be remedied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021