Wilmington Sav. Fund Socy. FSB v Scaffidi (2025 NY Slip Op 05910)

Wilmington Sav. Fund Socy. FSB v Scaffidi

2025 NY Slip Op 05910

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Michael, JJ. 

Index No. 35032/13|Appeal No. 5020|Case No. 2024-03959|

[*1]Wilmington Savings Fund Society FSB, Doing Business as Christiana Trust, etc., Plaintiff-Respondent,
v
Carmelo Scaffidi etc., Defendant-Appellant, United States of America, et al., Defendants.

Leila Rose-Gordon, Elmont (Harold J. Pokel of counsel), for appellant.
Frenkel Lambert, Weisman & Gordon, LLP, Bay Shore (Ruth O'Connor of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 30, 2024, which granted plaintiff's motion for an order conforming the judgment of foreclosure and sale entered January 24, 2020 with this Court's decision and order dated January 21, 2021, and denied defendant Scaffidi's (defendant) cross-motion to vacate the judgment of foreclosure and sale and to dismiss the complaint and discharge the mortgage, unanimously affirmed, with costs.
Insofar as Supreme Court previously considered and rejected defendant's essentially identical arguments in prior orders dated January 9, 2023 and March 15, 2023, the court correctly declined to consider those arguments a third time (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]).
Because defendant did not timely oppose consolidation of the 2013 and 2015 foreclosure actions, he is not aggrieved by the order consolidating the two actions, and therefore is not permitted to appeal from that order (Liddle & Robinson, L.L.P. v Willman, 193 AD3d 549, 549 [1st Dept 2021], appeal dismissed 193 AD3d 549 [2021]). Additionally, the 2013 action was a nullity as against the borrower, who died intestate in 2012, it was not a nullity for all purposes, as it was commenced against defendants other than the borrower and was still viable against those other named defendants (Rocha v Figueirido, 50 AD3d 876, 877 [2d Dept 2008]; cf. U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 746 [2d Dept 2020]). The 2013 action was then consolidated with the 2015 action, which was properly commenced against defendant as the administrator of the borrower's estate (Rocha, 50 AD3d at 877). Accordingly, this consolidated action is not time-barred under CPLR 213(4) (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916 [2d Dept 2023]).
The court correctly denied defendant's motion for renewal, as it was filed after the time to appeal from the judgment of foreclosure and sale had passed, and was therefore untimely (see Wilmington Trust N.A. v Fife, 212 AD3d 550, 550 [1st Dept 2023]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025