NewRez LLC v Janetta Cumberbatch's Unknown Heirs-at-Law, Next-of-Kin, Distributees, Executors, Admrs., Trustees, Devises, Legatees, Assignees, Lienors, Creditors, & Successors in Interest (2025 NY Slip Op 51880(U))

[*1]

NewRez LLC v Janetta Cumberbatch's Unknown Heirs-at-Law, Next-of-Kin, Distributees, Executors, Admrs., Trustees, Devises, Legatees, Assignees, Lienors, Creditors, & Successors in Interest

2025 NY Slip Op 51880(U)

Decided on November 25, 2025

Supreme Court, Queens County

Lin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 25, 2025
Supreme Court, Queens County

NewRez LLC D/B/A Shellpoint Mortgage Servicing, Plaintiff,

against
Janetta Cumberbatch's Unknown Heirs-at-Law, Next-of-Kin, Distributees, Executors, Administrators, Trustees, Devises, Legatees, Assignees, Lienors, Creditors, and Successors in Interest, and Generally All Persons Having or Claiming, Under, by or Through Said, Defendant, Who May Be Deceased by Purchase, Inheritance, Lien or Otherwise, Any Right, Title or Interest in and to the Premises Described in the Complaint Herein, Stacey J. Francois, John Peterson, Gilbert Peterson, Terrence Peterson, Christiana Broome, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau, New York State Department of Taxation and Finance, United States of America, LVNV Funding LLC, Cloudfund, LLC, John Doe #1 Through John Doe #10, the Last Ten Names Being Fictitious and Unknown to the Plaintiff, the Person or Parties Intended Being the Persons or Parties, If Any, Having or Claiming an Interest in or Lien upon the Mortgaged Premises Described in the Complaint, Defendants.

Index No. 711686/2024

For Plaintiff NewRez LLC d/b/a Shellpoint Mortgage Servicing: 
Linda P. Manfredi
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP
53 Gibson Street, Bay Shore, NY 11706 
(631) 969-3100
lmanfredi@flwlaw.com
For Defendant Stacey J. Francois as Heir to the Estate of Janetta Cumberbatch: 
Ishelli L. Oliver
Law Offices of Ishelli L. Oliver, Esq., PC
100-22 Avenue L, Brooklyn, NY 11236
(718) 444-4088
ishellioliverlaw@aol.com

Karen Lin, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69 were read on this motion to/for SERVICE BY PUBLICATION.
Upon the foregoing documents, the motion is decided below.
Before the Court is plaintiff's motion seeking, among other things, an order permitting [*2]service by publication upon "Janetta Cumberbatch's unknown heirs at law, next-of-kin, distributees, executors, administrators, trustees, devisees, legatees, assignees, lienors, creditors, and successors in interest, and generally all persons having or claiming under by or through said defendant who maybe deceased by purchase, inheritance, lien or otherwise, any right title or interest in and to the premises described in the complaint herein."
The decedent Janetta Cumberbatch (Janetta or mortgagor), together with her husband, Lloyd Cumberbatch (Lloyd), purchased their home at 144-09 101 Avenue, Jamaica, New York (the house) on March 23, 1972. Lloyd died in 1985, predeceasing Janetta. On May 23, 2016, Janetta executed a note for a loan in the amount of $168,498.00, secured by the house (the mortgage). Janetta died on March 19, 2019. Limited letters of administration in the Estate of Janetta Cumberbatch were issued to James Michael Francois, Janetta's brother, who served until his death in 2021. A petition for letters of administration de bonis non has been filed by Janetta's niece, Stacey J. Francois (Francois), in Surrogate's Court, seeking appointment as successor administrator of Janetta's estate. Francois is a named defendant in this action and has interposed her answer with affirmative defenses and counterclaims.
NewRez LLC d/b/a Shellpoint Mortgage Servicing (the plaintiff or mortgagee) commenced the instant action seeking foreclosure on Janetta's house, asserting that it was assigned Janetta's mortgage with Mortgage Electronic Registration Systems, Inc., as nominee for New Penn Financial, LLC., on May 7, 2024, and is the holder of the note and mortgage. Plaintiff contends that after Janetta's death, "her Estate failed to comply with the terms, covenants and conditions of said notice and mortgage by failing to pay, to the plaintiff, payments due on November 01, 2023 and said default has continued for a period in excess of fifteen (15) days . . . and there is now due and owing to the plaintiff under said note and mortgage the principal sum of $142,838.05 with interest . . . "
Plaintiff did not commence this foreclosure action against the personal representative of the Estate of Janetta Cumberbatch, but instead names the following as defendants:
i) "Janetta Cumberbatch's unknown heirs at law, next-of-kin, distributes, executors, administrators, trustees, devisees, legatees, assignees, lienors, creditors, and successors in interest, and generally all persons having or claiming under by or through said defendant who maybe deceased by purchase, inheritance, lien or otherwise, any right title or interest in and to the premises described in the complaint herein,"
ii) "Stacey J. Francois, as Heir to the Estate of Janetta Cumberbatch,"
ii) "John Peterson, as Heir to the Estate of Janetta Cumberbatch,"
iii) "Gilbert Peterson, as Heir to the Estate of Janetta Cumberbatch,"
iv) "Terrence Peterson, as Heir to the Estate of Janetta Cumberbatch,"
v) "Christiana Broome, as Heir to the Estate of Janetta Cumberbatch,"
vii) New York City Environmental Control Board, Parking Violations Bureau, Transit Adjudication Bureau, New York State Department of Taxation and Finance,
ix) United States of America,
x) LVNV Funding LLC and Cloudfund,
xi) John Doe #1 through John Doe #10
Issue is not yet joined.
Procedural Background
Where a homeowner/mortgagor has died, the plaintiff mortgagee cannot commence a foreclosure action against the deceased homeowner/mortgagor because "the dead cannot be sued" (Marte v Graber, 58 AD3d 1, 3 [1st Dept 2008], citing Jordan v City of New York, 23 AD3d 436, 437 [2d Dept 2005]; see also HSBC Bank USA, NA v Ungar Family Realty Corp., 111 AD3d 673 [2d Dept 2013]). Generally the action must be brought against the duly appointed representative [FN1]
[*3]of the deceased homeowner/mortgagor's estate (id.; see Aurora Loan Services, LLC v Taylor, 114 AD3d 627 [2d Dept 2014], aff'd 25 NY3d 355 [2015]; Dime Savings Bank of New York, FSB v Luna, 302 AD2d 558 [2d Dept 2003] ["a plaintiff is unable to commence an action during the period between the death of a potential defendant and the appointment of a representative of the estate"]).
The appointed representative of a decedent's estate, which may be the administrator, executor, or the Public Administrator,[FN2]
 bears a fiduciary duty to marshal assets, pay debts and creditors, and make distribution of any remaining assets to each distributee or legatee of the decedent's estate in accordance with the laws of intestacy [FN3]
or the provisions of a probated will. The appointed representative is required to exercise due diligence in locating all distributees and serve all interested parties to the court's satisfaction before jurisdiction will be deemed complete. Proceedings seeking such appointments are brought in the Surrogate's Court, which is uniquely competent and equipped to handle all matters concerning the affairs of decedents' estates pursuant to Article VI of the State Constitution and the Surrogate's Courts Procedure Act (SCPA) (see Matter of Piccione, 57 NY2d 278 [1982]).[FN4]

Under certain circumstances, courts have permitted mortgage foreclosure actions to proceed directly against a deceased homeowner's distributees without joining a personal representative of the estate of the deceased homeowner as a necessary party (see Financial [*4]Freedom Senior Funding Corp. v Rose, 64 AD3d 539 [2d Dept 2009]; Countrywide Home Loans, Inc. v Keys, 27 AD3d 247 [2d Dept 2006]). The Second Department has clearly articulated that this is permissible based upon well-settled law that when a property owner dies intestate, title to real property automatically vests in all her or his distributees as tenants in common (see NRZ Pass-Through Trust IV v Tarantola, 192 AD3d 819, 821 [2d Dept 2021]; Matter of Blango, 166 AD3d 767, 768 [2d Dept 2018]; EPTL 13-1.1 [a] [1]). This vesting by descent occurs by operation of law (see LCD Holding Corp v Powell-Allen, 203 AD3d 811 [2d Dept 2022]). Since each distributee acquires an ownership interest in the decedent's real property, each distributee becomes a "necessary defendant" pursuant to RPAPL 1311 (1), which states that necessary defendants in a mortgage foreclosure action must include, among others, "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein" (RPAPL 1311 [1]).
In the instant foreclosure action, plaintiff commenced the action prior to the appointment of a successor representative of Janetta's estate. Plaintiff contends that it may do so because "plaintiff elected to waive deficiency against the Estate and join the heirs in the instant action," citing Salomon Bros. Realty Corp. v Alvarez, 22 AD3d 482 (2d Dept 2005), Financial Freedom Senior Funding Corp v Rose, 64 AD3d 539 (2d Dept 2009), and Everhome Mortgage Co. v Sirignano, 40 Misc 3d 1223 (Sup Ct, Suffolk County 2013). However, a plaintiff mortgagee who elects to proceed directly against a deceased homeowner's distributees without joining a personal representative of the estate of the deceased homeowner must do more than merely waive its right to seek a deficiency judgment against the deceased homeowner's estate (see US Bank N.A. v Esses, 132 AD3d 847, 848 [2d Dept 2015]); it must establish that the deceased homeowner/mortgagor died intestate and "made an absolute conveyance of all his or her interest in the mortgaged premises," including her equity of redemption, to another person or entity (id.; see DLJ Mtge. Capital, Inc v 44 Brushy Neck, Ltd, 51 AD3d 857, 858-859 [2d Dept 2008]; U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747 [2d Dept 2020]; see also Wells Fargo Bank, NA v Ramdin, 62 Misc 3d 392, 395 [Sup Ct, Queens County 2018]).
Here, plaintiff has failed to plead or establish that Janetta made an absolute conveyance of all her interest in the mortgaged premises to another person or entity. The complaint also fails to plead waiver of a deficiency judgment. Most significantly, unlike the cases upon which plaintiff relies, plaintiff cannot establish that it has identified or joined all Janetta's heirs or distributees in this action. While plaintiff has named certain distributees as defendants, plaintiff plainly acknowledges, by its own admission through counsel, "as a creditor of the decedent, [p]laintiff has limited information about the decedent and virtually no information regarding her next of kin and/or heirs . . . affirmant's office is unable to determine if there are additional heirs of the Estate of Janetta Cumberbatch." Here, plaintiff has not demonstrated that Janetta made an absolute conveyance of all her interest in the mortgaged premises to another person or entity. Rather, the plaintiff relies on the concept that real property passes by operation of law. However, when real property passes by operation of law, and a plaintiff mortgagee seeks to foreclose the real property, the persons to whom the real property passes must be identified. Without such identification, the court is unable to fashion a method of service that is reasonably calculated to apprise these owners that the plaintiff is seeking to foreclose on their real property.
Discussion
" . . . [W]hen notice is a person's due, process which is a mere gesture is not due process."[FN5]

It is a cornerstone of American jurisprudence that personal jurisdiction must be obtained over a defendant before proceeding with any judgment affecting their rights. Article 3 of the New York Civil Practice Law and Rules (CPLR) governs the methods of service by which personal [*5]jurisdiction is obtained over persons or property. Service by personal delivery upon a party (CPLR 308 [1]), personal delivery upon a person of suitable age and discretion (CPLR 308 [2]), or by affixing and mailing such notice (CPLR 308 [4]), may be effectuated without prior court approval. Where, as here, a party seeks to serve by publication, judicial permission is required. The two statutory provisions authorizing service by publication are CPLR 315 and CPLR 308 (d). Since plaintiff's moving papers fail to state upon which statutory basis it relies in support of its instant motion for service by publication upon Janetta's unidentified heirs, the Court will analyze the relief sought under both provisions.
CPLR 315 provides that service by publication is authorized "in an action described in CPLR 314 if service cannot be made by another prescribed method with due diligence." CPLR 314 applies to actions where the person of the defendant is located out of state but the res, that is, the property interest or lien, is located within the state (see Contimortgage Corp v Isler, 48 AD3d 732, 734 [2d Dept 2008]). Here, as plaintiff's moving papers fail to state whether Janetta's unidentified heirs upon whom plaintiff seeks to serve are located out of state, it has not established that service by publication is authorized under CPLR 315.
CPLR 308 (5) provides that service of process upon a natural person may be made "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." The impracticability standard "does not require the applicant to satisfy the more stringent standard of 'due diligence' under CPLR 308 (4)" nor make an actual showing that service has been attempted pursuant to CPLR 308 (1), (2), and (4) (see State St. Bank & Trust Co. v Coakley, 16 AD3d 403, 403 [2005]). Once the impracticability standard is satisfied, due process requires that the manner of service be "reasonably calculated, under all the circumstances, to apprise the defendant of the action (Jean v Csencsits, 171 AD3d 1149, 1150 [2d Dept 2019]).
It is beyond cavil that service by personal delivery, substituted service, or "nail and mail," pursuant to CPLR 308 (1), (2), or (4), cannot be made under the circumstances presented here, wherein plaintiff cannot identify by name, address, location, or other identifying information, these wholly unknown individuals whose actual existence is not certain, upon whom plaintiff seeks to serve by publication. If "impracticable" is defined as "impossible to do in an effective way,"[FN6]
these methods qualify. However, under the circumstances presented here, plaintiff's proposed manner of service is equally impracticable in providing notice that even approaches, let alone satisfies, due process.
Due process of law requires notice, reasonably calculated, to apprise interested parties of the pendency of an action and afford them an opportunity to be heard (see Mullane v Central Hanover Bank & Trust Co, 339 US 306 [1950]). "This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for [oneself] whether to appear or default, acquiesce or consent" (id.). Service by publication has been long held to be "the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings" (Boddie v Connecticut, 401 US 371, 382 [1971]). As Justice Thurgood Marshall observed in Mennonite Bd. of Missions v Adams,
Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when as here the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to attention. In weighing its sufficiency on the basis of equivalence with actual notice we are unable to regard this as more than a feint.
(462 US 791, 795-796 [1983], quoting Mullane v Central Hanover Bank & Trust Co.) While [*6]notice by publication has been authorized in some mortgage foreclosure cases, those circumstances are not present here (see e.g. State Street Bank & Trust Co. v Coakley, 16 AD3d 403 [2d Dept 2005] [service by publication permitted where the named mortgagor was evading service]).
The record as presented by plaintiff contains insufficient information to identify the remaining heirs who are entitled to due process and fails to demonstrate that service by publication is reasonably calculated to give notice to those individuals of the pending foreclosure proceeding so that they may be afforded the opportunity to be heard.[FN7]
To permit service by publication over unknown, unascertained, and unidentified heirs whose whereabouts are wholly unknown in an action that divests such heirs of their property rights would impermissibly circumvent due process and reduce service of process to a hollow gesture. This is especially true where, as here, the action threatens removal of a substantial right.[FN8]

Accordingly, the branch of plaintiff's motion for service by publication upon unidentified heirs pursuant to CPLR 315 or CPLR 308 (5) is denied.
Turning to the branch of plaintiff's motion seeking service by publication pursuant to CPLR 308 (5) upon defendants John Peterson, Gilbert Peterson, Terrence Peterson, and Christiana Broome, such relief is also denied. It is undisputed upon this record that defendants' addresses in a foreign country are contained in plaintiff's affidavits, but that plaintiff made no attempts to serve defendants at those addresses before seeking relief pursuant to CPLR 308 (5) (see Corbo v Stephens, 177 Misc 2d 338 [App. Term, 2d Dept 1998], aff'd, 272 AD2d 502 [2d Dept 2000]).
The remaining branches of plaintiff's motion are denied as without merit.
Conclusion
For all the foregoing reasons, it is
ORDERED that plaintiff's motion is denied in its entirety, and it is further
ORDERED that plaintiff shall serve a copy of this decision and order with notice of entry upon all parties within 20 days of entry.
This constitutes the decision and order of this Court.
Dated: November 25, 2025
Long Island City, New York
Hon. Karen Lin, J.S.C.

Footnotes

Footnote 1: "Estate" is "the aggregate of property which a person owns" (EPTL 1-2.6 [b]). The estate of a decedent represents all the property that was owned by the decedent. It is res, and therefore "it cannot be made the plaintiff in an action, as it is not a person and cannot sue or be sued" (Black's Law Dictionary [revised 4th ed 1968]).
An estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity (see Gerzof v Glick, NYLJ, Sept. 9, 1980 at 12, col 3 [App Term, 9th & 10th Judicial Dists]). "Estates, unlike corporations or other recognized legal entities, may not litigate in their own name but instead, can only appear in litigation by a personal representative (see EPTL 11-3.1; see also CPLR 1015 [a])" (Matter of Harris, 21 Misc 3d 239, 241 [Sur Ct, Bronx County 2008, Holzman, S.]), appointed pursuant to the applicable provisions of the Surrogate's Court Procedure Act (SCPA).

Footnote 2: The office of the public administrator was created to provide a public official able to take charge and administer an estate where a decedent's distributees are unknown or do not exist, or none have pursued letters of administration pursuant to SCPA 1001 (1) to (7). It was contemplated that the Public Administrator would be better to administer the estate of the decedent than by a creditor who would inherently be interested only in their claim. Where no personal representative has been appointed on behalf of the estate, a creditor or other entity may petition the Surrogate's Court to have the Public Administrator appointed as the personal representative of the estate of the decedent pursuant to SCPA 1001 (8) and 1002. When heirs of a decedent are identifiable but cannot be located, they are referred to as heirs with whereabouts unknown. When a person passes away in New York without any immediate family, it may not be clear whom the heirs are; these individuals are referred to as unknown heirs.

Footnote 3: New York Estates, Powers and Trusts Law (EPTL) § 4-1.1 governs the distribution of a decedent's property where there is no will.

Footnote 4: The Surrogate's Court staff regularly deal with the problems of obtaining jurisdiction and rigorously examines affidavits of heirship and family trees to ensure that all interested parties are named and served before any proceeding may proceed. The State Legislature has enacted detailed and rigorous procedure for the administration of the affairs of decedents, codified in the Surrogate's Court Procedure Act (SCPA) and the Estates Trusts and Property Law (EPTL). Within the framework of these procedures are carefully designed provisions for establishing personal jurisdiction, to notify and provide all interested parties an opportunity to be heard.

Footnote 5: Mullane v Central Hanover Bank & Trust Co., 339 US 306, 315 [1950].

Footnote 6: Cambridge Dictionary, impracticable (dictionary.cambridge.org/us/dictionary/english/impracticable).

Footnote 7: Under the circumstances presented in this action, a personal representative of the mortgagor's estate may be necessary (see US Bank Trust, NA v Gedeon, 181 AD3d 745 [2d Dept 2020] [Appellate Division held the estate of the deceased mortgagor was a necessary party where the record contained insufficient information as to whether the named defendant was the only distributee of the deceased mortgagor]); however, as this issue has not been raised in this motion, this Court will not determine the issue sua sponte.

Footnote 8: Pursuant to the Fourteenth Amendment of the United States Constitution, no state shall "deprive any person of life, liberty, or property, without due process of law" (US Const Amend XIV, § 1). Property rights implicated here include the loss or retention of generational ownership of family property.