U.S. Bank N.A. v Rizzo (2026 NY Slip Op 00169)

U.S. Bank N.A. v Rizzo

2026 NY Slip Op 00169

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-05993
 (Index No. 603152/15)

[*1]U.S. Bank National Association, etc., respondent,
vMaria Rizzo, etc., et al., appellants, et al., defendants.

Christopher Thompson, West Islip, NY, for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Riyaz G. Bhimani of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Maria Rizzo and Alberto Lalli appeal from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated February 13, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were pursuant to CPLR 1015(a) and 1021 to appoint the Suffolk County Public Administrator as limited administrator of the estate of Angelo Lalli nunc pro tunc, to substitute the Suffolk County Public Administrator for the defendants Maria Rizzo and Alberto Lalli, and to amend the caption accordingly.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2007, Angelo Lalli and Antonietta Lalli (hereinafter together the borrowers) executed a note in the amount of $279,200, which was secured by a mortgage on certain real property located in Holbrook. Antonietta died in 2008, and Angelo died in 2013. The borrowers were survived by their three children, Maria Rizzo, Alberto Lalli, and Claudio Lalli (hereinafter collectively the children).
In March 2015, the plaintiff commenced this action to foreclose the mortgage, alleging, inter alia, that Angelo's estate had failed to make the mortgage payment due on February 1, 2013, and all payments due thereafter. The complaint named as defendants, among others, the children, and the borrowers' grandchildren, Charles Angelo Rizzo and Anthony Joseph Rizzo, as beneficiaries of Angelo's estate.
In August 2016, the plaintiff moved, among other things, for leave to enter a default judgment against the children and for an order of reference. In an order dated January 24, 2017, the Supreme Court, inter alia, granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. In October 2017, the plaintiff moved, among other things, for a judgment of foreclosure and sale, and Claudio cross-moved, inter alia, to dismiss the complaint insofar as asserted against him. By stipulation dated April 24, 2018, the motion, among other things, for a judgment of foreclosure and sale and the cross-motion were withdrawn, and Claudio further stipulated that he would seek letters testamentary to be the executor of Angelo's estate and serve an [*2]answer to the complaint.
On April 23, 2019, the plaintiff moved again, inter alia, for leave to enter a default judgment against the children and for an order of reference. By order dated August 27, 2019, the Supreme Court, among other things, determined that "the default judgment[ ] previously entered by the court remain[ed] in effect and [was] not vacated," in effect, denied that branch of the motion which was for an order of reference, and directed that the matter proceed to a nonjury trial on the amount due to the plaintiff. The court noted, among other things, that "[n]either Claudio . . . or any other person has ever sought letters testamentary or letters of administration," nor had Claudio served an answer. Claudio died on February 9, 2022.
On January 29, 2024, the plaintiff moved, among other things, pursuant to CPLR 1015(a) and 1021 to appoint the Suffolk County Public Administrator (hereinafter the public administrator) as limited administrator of Angelo's estate nunc pro tunc, to substitute the public administrator for Maria and Alberto (hereinafter together the defendants), and to amend the caption accordingly. The defendants opposed the motion. By order dated February 13, 2024, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendants appeal.
"'[I]t is well established that the dead cannot be sued'" (Matter of Foreclosure of Tax Liens, 165 AD3d 1112, 1116, quoting Marte v Graber, 58 AD3d 1, 3). Accordingly, "[a] party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate" (Jordan v City of New York, 23 AD3d 436, 437; see Matter of Foreclosure of Tax Liens, 165 AD3d at 1116; Krysa v Estate of Qyra, 136 AD3d 760, 760-761). However, "[w]here a property owner dies intestate, title to real property is automatically vested in his or her distributees" (U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747; see Matter of Blango, 166 AD3d 767, 768). Thus, where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, generally a foreclosure action may be commenced directly against the distributees (see U.S. Bank Trust, N.A. v Gedeon, 181 AD3d at 747; Financial Freedom Senior Funding Corp. v Rose, 64 AD3d 539).
The defendants are correct that there was no need to join Angelo's estate, as he died intestate and the complaint does not seek a deficiency judgment (see U.S. Bank Trust, N.A. v Gedeon, 181 AD3d at 747; Financial Freedom Senior Funding Corp. v Rose, 64 AD3d 539). However, the law does not require that the plaintiff proceed directly against the distributees of an estate and refrain from joining a decedent's estate.
"In most instances a personal representative appointed by the Surrogate's Court should be substituted . . . to represent the decedent's estate" (Lambert v Estren, 126 AD3d 942, 943; see Dieye v Royal Blue Servs., Inc., 104 AD3d 724, 725; see also 3-1015 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 1015.06). "However, in the event no such representative exists, an appropriate appointment may be made by the Supreme Court and that individual may be substituted in place of the decedent" (Lambert v Estren, 126 AD3d at 943; see Lopez v Jackson, 230 AD3d 1312, 1313). Indeed, "[t]he Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator, and may do so to avoid delay and prejudice in a pending action" (Dieye v Royal Blue Servs., Inc., 104 AD3d at 726; see Lopez v Jackson, 230 AD3d at 1313). "The determination whether to exercise its authority to appoint a temporary administrator is addressed to the broad discretion of the Supreme Court" (Laroche v Laroche, 162 AD3d 1000, 1001; see Rosenfeld v Hotel Corp. of Am., 20 NY2d 25, 28).
Here, contrary to the defendants' contention, the Supreme Court properly appointed the public administrator as limited administrator of Angelo's estate to avoid further delay in an action that had been proceeding for almost nine years by the time of the subject motion. "The Surrogate's Court Procedure Act provides that, depending on the circumstances of the particular case, letters of administration may be granted to 'persons who are distributees of an intestate' (SCPA 1001[1]), or to certain other individuals including 'the public administrator, . . . the chief fiscal officer of the county, . . . the petitioner, in the discretion of the court, or . . . any other person or persons' (see SCPA 1001[8])" (Matter of Foreclosure of Tax Liens, 165 AD3d at 1116).
Under the circumstances here, where the Supreme Court already had granted leave to enter a default judgment against the defendants and no distributee, including the defendants, had secured the appointment of a personal representative of Angelo's estate in the 11 years since Angelo's death, the defendants have not shown that they were prejudiced by the appointment of the public administrator and the substitution of the public administrator for the defendants.
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court