**Tycoon Dev., LLC v Weston Capital Servs., Ltd.**

2026 NY Slip Op 30645(U)

February 20, 2026

Supreme Court, New York County

Docket Number: Index No. 152715/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    **HON. JUDY H. KIM** | PART    **04** |
| *Justice* | |

-----------------------------------------------------------------------------X

TYCOON DEVELOPMENT, LLC,

                           Plaintiff,

            - v -

WESTON CAPITAL SERVICES, LTD., JOHN R. LIEGEY,
OLIVER LIEGEY,

                         Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152715/2022 |
| MOTION DATE | 02/14/2024, 06/10/2025, 06/23/2025 |
| MOTION SEQ. NO. | 002 003 004 |

### DECISION, ORDER & JUDGMENT ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 60, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 95, 98

were read on this motion to/for                 JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 135, 138

were read on this motion to/for                 MISCELLANEOUS       .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 136, 137

were read on this motion to/for                 ATTORNEY - WITHDRAW       .

Upon the foregoing documents, plaintiff's motion to substitute Serena Liegey as a temporary administrator of the estate of John R. Liegey is granted, plaintiff's motion for summary judgment on its ejectment claim is granted, and Daniel A. Singer, Esq.'s motion to withdraw as counsel for defendant Weston Capital Services, Ltd. is denied.

### FACTUAL BACKGROUND

Plaintiff is the owner of Unit 75D in 845 United Nations Plaza, New York, New York 10017 (the "Condo"). On or about December 7, 2012, plaintiff leased the Condo to defendant

152715/2022   TYCOON DEVELOPMENT, LLC vs. WESTON CAPITAL SERVICES, LTD. ET AL
Motion No.  002 003 004

                    Page 1 of 9

1 of 9

[* 1]

Weston Capital Services, LTD., a foreign limited company based in the United Kingdom, for a three-year term beginning January 15, 2013 ("the Lease"). The Lease was renewed for a term from January 1, 2018 through December 31, 2019. On or about October 8, 2021, plaintiff served defendants with a notice that the tenancy would terminate on January 31, 2022 (NYSCEF Doc No. 53).

Plaintiff alleges that Weston, through defendants John R. Liegey and Oliver Liegey,[1] remained in possession of the Condo beyond that date without permission. As a result, plaintiff commenced this action to eject defendants and for an award of damages resulting from breach of the lease (NYSCEF Doc No. 1, complaint). Defendants interposed an Answer, asserting various affirmative defenses and counterclaims for reimbursement of money Weston spent in improving the Condo (NYSCEF Doc No. 43).

Plaintiff subsequently moved for summary judgment. Defendants opposed that motion and cross-moved to stay this proceeding pending the resolution of *Unirea Shopping Centre SA v. Palade,* an action pending in New York State Supreme Court, New York County under index number 656050/2021 (the "*Unirea* Action"), or to join this action with the *Unirea* Action. Prior to oral argument on the motion and cross-motion, defendants' counsel notified the Court of John R. Liegey's death on October 20, 2024. All parties agree that John Liegey's death stayed this action.

Plaintiff now moves, pursuant to CPLR 1015 and 1021, to: (1) appoint John Liegey's daughter, Serena Liegey as temporary administrator for estate of John R. Liegey; (2) substitute Serena Liegey, as temporary administrator of the estate of John Liegey, as defendant in place of John Liegey; (3) extinguish the stay created by John Liegey's death; (4) dismiss defendants' affirmative defenses and counterclaims; and (5) grant plaintiff's summary judgment motion. In

---

[1] Plaintiff subsequently discontinued this action as against Oliver Liegey, John Liegey's son, now deceased.

152715/2022   TYCOON DEVELOPMENT, LLC vs. WESTON CAPITAL SERVICES, LTD. ET AL
Motion No.  002 003 004                                                          Page 2 of 9

2 of 9

[* 2]

support of its motion, plaintiff submits documents filed in Surrogate's Court, including Serena Liegey's petition to search the Condo for John R. Liegey's will (NYSCEF Doc No. 103) and the resulting order of the Surrogate's Court permitting this search (NYSCEF Doc No. 104) as well as Serena Liegey's "Affidavit in Relation to Settlement of Estate Under Article 13, SPCA" in which she attests that she is John Liegey's sole distributee and that the value of his estate does not exceed $10,000.00 (NYSCEF Doc No. 105). Plaintiff asserts that it will be prejudiced by any further delay of this action because it has been unable to access and re-let the Condo during the pendency of this action and, without rental income, has been unable to pay the Condo costs, resulting in the Board of Managers of the Trump World Tower Condominium placing a lien on the property (NYSCEF Doc No. 102).

Defendants' counsel separately moves to withdraw as counsel, which motion plaintiff opposes only to the extent such relief would stay the resolution of its motion. In connection with his motion to withdraw, defendants' counsel files an "Affidavit of Non-Consent and Non-Involvement" by Serena Liegey in which she states that she lives outside of the United States and does not wish to be appointed as executor, administrator, or temporary administrator of her father's estate or otherwise participate in this action (NYSCEF Doc No. 129).

These motions, and plaintiff's motion for summary judgment, are consolidated for disposition.

## DISCUSSION

*Plaintiff's Motion to Substitute*

Plaintiff's motion to substitute Serena Liegey as temporary administrator is granted. CPLR 1021 provides that:

> A motion for substitution may be made by the successors or representatives of a party or by any party. If a person who should be substituted does not appear

[* 3]

voluntarily he may be made a party defendant. If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate … Whether or not it occurs before or after final judgment, if the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed.

(CPLR 1021).

 "The Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator, and may do so to avoid delay and prejudice in a pending action. (*U.S. Bank N.A. v Rizzo*, --- NYS3d ----, 2026 NY Slip Op 00169 [2d Dept 2026] [internal citations and quotations omitted]; *see Harding v Noble Taxi Corp.*, 155 AD2d 265, 266 [1st Dept 1989]). While "[i]n most instances a personal representative appointed by the Surrogate's Court should be substituted ... to represent the decedent's estate … in the event no such representative exists, an appropriate appointment may be made by the Supreme Court and that individual may be substituted in place of the decedent" (*id.* [internal citations and quotations omitted]).

Plaintiff has demonstrated that the appointment of a temporary administrator is necessary to avoid prejudice resulting from further delay, as plaintiff has been unable to access and relet the Condo—which has been uninhabited since John Liegey's death—during the pendency of this action and, as a result, has been unable to pay the Condo's common charges.

Plaintiff has also established that Serena Liegey is appropriately appointed as temporary administrator, as the sole heir of John R. Liegey who has taken an active role in the settlement of his estate. Moreover, as John R. Liegey's estate appears to have been settled pursuant to Surrogate's Court Procedure Act Article 13, further resort to Surrogate's Court to appoint a temporary administrator would be infeasible (*see Sears v Rich*, 81 Misc 3d 1228(A) [Sup Ct,

152715/2022   TYCOON DEVELOPMENT, LLC vs. WESTON CAPITAL SERVICES, LTD. ET AL
Motion No.  002 003 004
Page 4 of 9

[* 4]
4 of 9

Nassau County 2024] ["The Court is satisfied that the plaintiff demonstrated that resort to the appropriate Surrogate's Court is unfeasible, since, according to the attorney affirmation submitted in support of the instant motion, nothing has been commenced in the Surrogate's Court"]). Accordingly, plaintiff's motion is granted and Serena Liegey is named as temporary administrator of the estate of John Liegey for the limited purposes of defending this action and the stay created by John Liegey's death is lifted. With this stay lifted, the Court now turns to plaintiff's motion for summary judgment on its ejectment claim.

### *Plaintiff's Motion for Summary Judgment*

Plaintiff's motion for summary judgment is granted. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once this showing has been made … the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

To establish its prima facie entitlement to ejectment, plaintiff must prove that "(1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate" (*Stamp Rite Tool & Die Corp. v Branded Leather, Inc.*, 236 AD3d 1076, 1078 [2d Dept 2025] [internal citations omitted]). Plaintiff has carried its burden here through the deed evidencing its ownership of the Condo and proof that "defendant was occupying [the Condo] without [its] consent" (*247 E. 32nd LLC v Gasparich*, 95 AD3d 790, 791 [1st Dept 2012]; *see 769 E. LLC v Ofori*, 226 AD3d 464, 465-66 [1st Dept 2024]).

152715/2022   TYCOON DEVELOPMENT, LLC vs. WESTON CAPITAL SERVICES, LTD. ET AL
Motion No.  002 003 004                                                                    Page 5 of 9

5 of 9

The branch of plaintiff's motion dismissing defendants' affirmative defenses pertinent to its ejectment claim, i.e., defendants' third affirmative defense (that plaintiff lacks standing to bring this action based on the allegations in *Unirea*), fourth affirmative defense (that plaintiff's counsel does not have the authority to bring this action), and fifth affirmative defenses (that Nick Jabour, the Condo's property manager, is not acting under Plaintiff's authority), is also granted. These affirmative defenses are rebutted by plaintiff's deed for the Condo and the affidavit of Rami Palade, a member of plaintiff, confirming that both plaintiff's counsel and Jabour are acting with plaintiff's authority (NYSCEF Doc No. 47, Palade aff at ¶5). In addition, defendants' first, second, fourth, tenth, eleventh, twelfth, thirteenth, and fifteenth affirmative defense are also dismissed as conclusory boilerplate unsupported by specific factual allegations (*see Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd.*, 35 AD3d 317, 319 [1st Dept 2006]).

Defendants' cross-motion to stay this action pending the disposition of the *Unirea* Action is denied. The fact that plaintiff in the *Unirea* Action alleges that Tycoon's principals purchased the Condo with money diverted from Unirea Shopping Centre S.A. does not provide defendants with a defense of unclean hands (*TNT Communications Inc. v Mgt. Tel. Sys., Inc.*, 32 AD2d 55, 58 [1st Dept 1969], *affd*, 26 NY2d 639 [1970] [defense of unclean hands "is available only when the illegal conduct of a plaintiff is 'directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct'"]). Neither does it provide grounds to challenge plaintiff's ownership of the Condo, given the undisputed landlord-tenant relationship between plaintiff and Weston (*see 19 Steven Lane Corp. v Kovar*, 34 Misc 3d 1243(A) [NY Dist Ct, Nassau County 2012]). Defendants' motion to consolidate this action and the *Unirea* Action is also denied, as these actions do not arise from the same facts or involve common questions of law.

[* 6]

*Plaintiff's Motion to Dismiss Defendants' Counterclaims*

That branch of plaintiff's motion, pursuant to CPLR 1021, to dismiss defendants' counterclaims is held in abeyance. Given Serena Liegey's appointment as temporary administrator, the Court may not dismiss these claims without first ordering Serena Liegey to show cause as to why they should not be dismissed (*see Noriega v Presbyt. Hosp. in City of New York*, 305 AD2d 220, 221 [1st Dept 2003]). Accordingly, Serena Liegey is ordered to appear on April 15, 2026 and show cause as to why these counterclaims should not be dismissed. Should she fail to appear on that date, this branch of plaintiff's motion will be granted on default and these counterclaims dismissed.

*Defendants' Counsel's Motion to Withdraw*

Daniel A. Singer's motion to withdraw is denied without prejudice. While Singer's representation of John Liegey terminated upon Liegey's death (*Vapnersh v Tabak*, 131 AD3d 472, 474 [2d Dept 2015] [internal citations omitted]), he continues to represent defendant Weston and the Court declines to grant this relief while plaintiff's motion to dismiss defendants' counterclaims is unresolved. Singer is directed to appear in court on April 15, 2026 to provide information concerning ownership and control of Weston.

Accordingly, it is

**ORDERED** that the branch of the plaintiff's motion to appoint Serene Liegey as temporary administrator of John R. Liegey's estate for the limited purposes of defending this action is granted and Serena Liegey is hereby appointed as Temporary Administrator of the Estate of John R. Liegey; and it is further

152715/2022   TYCOON DEVELOPMENT, LLC vs. WESTON CAPITAL SERVICES, LTD. ET AL
Motion No.  002 003 004                                                                 Page 7 of 9

7 of 9

**ORDERED** that Serene Liegey, as Temporary Administrator of the Estate of John R.

Liegey, shall be substituted in the place of John R. Liegey as a defendant in this action; and it is

further

**ORDERED** that the caption shall be amended to reflect this substitution as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 4
-----------------------------------------------------------------------x
TYCOON DEVELOPMENT, LLC,

                              Plaintiff,                    Index No.: 152715/2022


              - against -

WESTON CAPITAL SERVICES, LTD., and
SERENA LIEGEY as Temporary Administrator of
The Estate of JOHN R. LIEGEY,


                              Defendants.
-----------------------------------------------------------------------x

and it is further

**ORDERED** that the <u>stay of this action created by the death of defendant John R. Liegey

is lifted</u>; and it is further

**ORDERED** that plaintiff's motion for summary judgment on its first cause of action for

ejectment is granted; and it is further

**ADJUDGED** that plaintiff is entitled to possession of 845 United Nations Plaza, New

York, New York 10017, Unit 75D, as against defendants Weston Capital Services, LTD and John

R. Liegey, and the Sheriff of the City of New York, County of New York, upon receipt of a

certified copy of this decision, order, and judgment and payment of proper fees, is directed to place

plaintiff in possession accordingly, and it is further

**ADJUDGED** that, immediately upon entry of this decision, order, and judgment, plaintiff

may exercise all acts of ownership and possession of 845 United Nations Plaza, New York, New

**152715/2022   TYCOON DEVELOPMENT, LLC vs. WESTON CAPITAL SERVICES, LTD. ET AL**
 **Motion No.  002 003 004**                                                              **Page 8 of 9**

[* 8]

York 10017, Unit 75D, including entry thereto, as against defendants Weston Capital Services, LTD and John R. Liegey; and it is further

**ORDERED** that the balance of the above-entitled action relating to recovery of damages is severed and continued; and it is further

**ORDERED** that Serena Liegey is ordered to appear on April 15, 2026, at 9:30 a.m., in Part 4 (Rm 418, 60 Centre Street, New York, NY 10007) to show cause as to why defendants' counterclaims should not be dismissed pursuant to CPLR 1021; and it is further

**ORDERED** that Daniel A. Singer, Esq.'s motion to withdraw as counsel for defendant Weston Capital Services, Ltd. is denied without prejudice; and it is further

**ORDERED** that Weston Capital Services, Ltd.'s counsel of record is ordered to appear at the April 15, 2026 court appearance with knowledge as to the disposition of John R. Liegey's interest in Weston Capital Services, Ltd.

This constitutes the decision and order of the Court.

| | | |
|---|---|---|
| **2/20/2026** | | |
| **DATE** | | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

152715/2022   TYCOON DEVELOPMENT, LLC vs. WESTON CAPITAL SERVICES, LTD. ET AL
Motion No.  002 003 004

Page 9 of 9